T.C. Memo. 1997-452


UNITED STATES TAX COURT


LINDA SANDERS, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent.


Docket No. 7417-95.                    Filed October 1, 1997.


Linda Sanders, pro se.

<u>William R. Davis, Jr.</u>, for respondent.


MEMORANDUM OPINION

GERBER, <u>Judge</u>:  Respondent determined deficiencies in
petitioner's Federal income and self-employment taxes and
additions to tax as follows:

|      |            | Additions to Tax | |
| Year | Deficiency | Sec.6651(a)(1) | Sec. 6654 |
|------|------------|----------------|-----------|
| 1992 | $8,323 | $1,935 | $335 |
| 1993 | 8,663 | 2,166 | 363 |

After concessions,[1] the issues for our consideration are: (1) Whether petitioner is liable for income and self-employment taxes in 1993; (2) whether petitioner is entitled to claim a standard deduction in 1992; and (3) whether petitioner is liable for additions to tax under sections 6651(a)(1)[2] and 6654 for 1992 and 1993.

Background

At the time of the petition in this case, petitioner resided in Littleton, Colorado.[3] Petitioner was married during 1992 and in the beginning of 1993. She obtained a divorce in April 1993. Petitioner did not file Federal income tax returns for 1992 or 1993. Petitioner conceded that she received the following amounts as income:

| | Wage Income | | Annie B. Webb Trust Income | |
|---|---|---|---|---|
| Year | Bank of Parker | City Center National Bank | Dividends | Interest |
| 1992 | $14,715 | -- | $997.65 | -- |
| 1993 | -- | $3,130 | 789.21 | $146.76 |

Federal income tax of $582.86 was withheld by the Bank of Parker from petitioner's wages during 1992. Petitioner did not make

---

[1] Respondent concedes that petitioner did not receive income in 1992 in excess of the amounts stipulated and that she is not liable for self-employment tax under sec. 1401 for that year.

[2] Unless otherwise indicated, all section and subtitle references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[3] The parties' stipulation of facts and exhibits are incorporated by this reference.

estimated income tax payments, nor was tax withheld from her 1993 wages.  On or about March 31, 1993, petitioner began working as a full-time paralegal for The Pilot Connection Society, also known as the Liberty Foundation of Parker, Colorado (Liberty Foundation).

During the years in issue, petitioner was associated with an attorney, Harmon Taylor (Mr. Taylor).  Petitioner and Mr. Taylor discussed whether petitioner was required to file Federal income tax returns.  Petitioner received documents from Mr. Taylor that related to a State court proceeding in Texas.  Petitioner was not a party to the Texas proceeding, but The Pilot Connection Society was associated with the case.  The documents concerned tax protester type materials, and petitioner relied on these documents in her decision not to file tax returns.

Petitioner had also written to the Internal Revenue Service (IRS) asking "tax protester type questions" regarding her tax liability, to which the IRS did not respond.  In January 1994, petitioner received a form letter from the IRS that informed her that she may not have to file a tax return.  It contained the statements:

> You may not have to file a Federal tax return this year.

> According to our records, last year you were not required to file a Federal tax return.  If you have the same sources of income and about the same amount of income this year as you did last year, you probably don't have to file this year either.

\*       \*       \*       \*       \*       \*       \*

 To find out if you need to file a Federal return this year, just fill out the enclosed worksheet and use the chart.  Keep the worksheet for your files.

 There are some special situations when your filing requirements change.  These rules are explained on the reminder notice enclosed with this letter.  And of course, if your income is more than the minimum shown on the chart, you will have to file a tax return.
\* \* \*

Based on this letter, petitioner concluded that she was not required to file tax returns.  Petitioner received a similar form letter from the IRS in January 1996.

Discussion

Where a taxpayer has not filed a tax return, respondent may reconstruct the taxpayer's unreported income.  Holland v. United States, 348 U.S. 121 (1954).  The reconstruction of income need only be reasonable in light of all surrounding facts and circumstances.  Giddio v. Commissioner, 54 T.C. 1530, 1533 (1970).  Courts generally do not look behind the notice of deficiency to examine the evidence upon which the determination was made.  Dellacroce v. Commissioner, 83 T.C. 269, 280 (1984).  In unreported income cases, however, the Court of Appeals for the Ninth Circuit, to which this case is appealable, has required the Commissioner to introduce some substantive evidence that demonstrates that the taxpayer received unreported income.  United States v. Zolla, 724 F.2d 808 (9th Cir. 1984);

Weimerskirch v. Commissioner, 596 F.2d 358, 360 (9th Cir. 1979), revg. 67 T.C. 672 (1977).

In the notice of deficiency, respondent determined that petitioner earned unreported self-employment income of $17,857 and $30,764 in 1992 and 1993, respectively.  During audit, respondent's agent was of the opinion that petitioner had a wallpapering business from which she earned self-employment income.  Respondent used the bank deposit reconstruction method to determine that petitioner earned unreported self-employment income in 1992 of $17,857 in addition to the $14,715 income from the Form W-2 Wage and Tax Statement issued by the bank where petitioner worked.  From documents filed with this Court, it appears that respondent used the consumer price index (CPI) rollover method to determine petitioner's 1993 unreported income and used petitioner's 1992 income, as determined by respondent, as the base year.[4]  Respondent determined that petitioner had unreported income in 1993 of $33,894 and attributed $30,764 to self-employment income.  Respondent concedes that petitioner was not engaged in a wallpapering business in either 1992 or 1993.  Respondent also expressly concedes that petitioner did not earn unreported self-employment income in 1992 and that petitioner

---

[4] The explanation of adjustments in the notice of deficiency has not been filed with the Court.

received income for 1992 only in the amounts that the parties have stipulated.

Respondent asserted that petitioner had unreported self-employment income during 1993 from the Liberty Foundation. Respondent based this contention on admissions by petitioner in her divorce proceeding that she received income from the Liberty Foundation of $1,600 per month. At trial, respondent argued that petitioner received income of $11,438 in 1993 from the Liberty Foundation. Similarly, respondent's trial memorandum presented the issue regarding petitioner's 1993 self-employment income as "Whether Petitioner received $11,438 in taxable compensation in exchange for legal research provided for * * * the Liberty Foundation during the tax year, 1993." Respondent's trial memorandum did not identify any other source of self-employment income for 1993. Respondent's trial memorandum abandoned the original determination in the notice of deficiency that petitioner earned self-employment income of $30,764 in 1993, contending instead that she earned $11,438. On brief, however, respondent argues that the entire 1993 income and self-employment tax deficiency is in issue and that petitioner failed to prove she did not earn $30,764.

Because of respondent's trial memorandum and other statements made by respondent to petitioner prior to trial, petitioner believed that the entire 1993 deficiency as set forth

in the notice of deficiency was no longer in issue. Rather, petitioner reasonably believed that unreported income of $11,438 was the only amount in controversy. Respondent led petitioner and this Court to believe that respondent had conceded that petitioner did not earn $30,764 in self-employment income in 1993 as determined in the notice of deficiency. At trial, respondent argued only that petitioner earned $11,438 from her work as a paralegal. At the time of trial, petitioner did not have notice that respondent would assert the entire 1993 deficiency as determined in the deficiency notice. During trial, petitioner was not given notice that she needed to produce evidence that she did not receive $30,764 in self-employment income.[5] Under these facts, we will not permit the revival of the abandoned portion of the 1993 deficiency on brief. Reassertion of more than the $11,438 amount of self-employment income on brief would result in petitioner's having been prejudiced in her ability to present

---

[5] On brief, however, respondent continues to rely on the 1992 bank deposits to assert the $30,764 self-employment income in 1993. Respondent relied on the bank deposits in 1992, which was used as the base year for the CPI, to determine petitioner's 1993 income. As respondent has conceded the base year deficiency, we find that respondent has failed to produce evidence to support the deficiency determination for 1993 based on the CPI. Based on the concessions by respondent, petitioner has presented sufficient evidence that she did not earn $30,764 in self-employment income during 1993, requiring respondent to come forward with evidence. See Senter v. Commissioner, T.C. Memo. 1995-311. Accordingly, we find that petitioner has met her burden of proof and that she did not have self-employment income in excess of $11,438.

evidence.  See <u>Ware v. Commissioner</u>, 92 T.C. 1267, 1268-1269 (1989), affd. 906 F.2d 62 (2d Cir. 1990).  Accordingly, we hold that the amount of petitioner's 1993 self-employment income in issue is limited to the $11,438 amount alleged in respondent's trial memorandum to have been received by petitioner from the Liberty Foundation.

At trial, respondent questioned petitioner about checks and other compensation that she received from the Liberty Foundation that totaled $11,438 in compensation.  Petitioner invoked the Fifth Amendment in response to these questions.  Petitioner argues that she had a reasonable apprehension of criminal prosecution in connection with her involvement in the Liberty Foundation.  Her apprehension arises from the alleged convictions of several individuals connected with the Liberty Foundation.[6] Petitioner, however, misconstrues the scope of the Fifth Amendment privilege.  The Fifth Amendment protects against compulsory self-incrimination.  <u>Fisher v. United States</u>, 425 U.S. 391 (1976).  Remote or speculative possibilities of prosecution for unspecified crimes are insufficient to invoke the privilege.

---

[6] Petitioner attached several documents to her reply brief, including a purported search warrant involving several individuals and the Liberty Foundation.  Petitioner was not listed on the warrant but evidently intends this document to justify her Fifth Amendment claim.  The documents were not introduced at trial and are not part of the record in this case. Rule 143(b); see <u>Kwong v. Commissioner</u>, 65 T.C. 959, 967 n.11 (1976); <u>Perkins v. Commissioner</u>, 40 T.C. 330, 340 (1963).

Rechtzigel v. Commissioner, 79 T.C. 132 (1982), affd. per curiam 703 F.2d 1063 (8th Cir. 1983); Burns v. Commissioner, 76 T.C. 706 (1981).  There is no evidence that petitioner was under criminal investigation for any of the years in issue.

Petitioner invoked the jurisdiction of this Court but at trial, did not produce evidence to rebut respondent's position that petitioner received self-employment income of $11,438 during 1993.  Petitioner had the option of presenting evidence other than her own testimony.  A blanket invocation of the Fifth Amendment privilege is simply not a substitute for relevant evidence.  United States v. Rylander, 460 U.S. 752 (1983); Petzoldt v. Commissioner, 92 T.C. 661, 687-688 (1989).  Moreover, the Fifth Amendment does not preclude adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them.  Baxter v. Palmigiano, 425 U.S. 308 (1976); Meier v. Commissioner, 91 T.C. 273, 290 (1988); Rechtzigel v. Commissioner, supra at 142 n.10. This Court has observed that

> A valid assertion of the privilege against self-incrimination, however, is not a "substitute for evidence that would assist in meeting a burden of production," for to adopt such a view "would convert the privilege from the shield against compulsory self-incrimination which it was intended to be into a sword whereby a claimant asserting the privilege would be freed from adducing proof in support of a burden which would otherwise have been his."  * * *  [Petzoldt v. Commissioner, supra at 684-685 (quoting United States v. Rylander, supra at 758).]

The uncontroverted evidence produced by respondent persuades us that petitioner earned and is taxable on unreported self-employment income of $11,438 from the Liberty Foundation during 1993. At trial, petitioner relied on various tax protester type arguments. For example, petitioner argues that (1) The income tax is an excise tax on certain licensed activities, and she was not engaged in a taxable activity; (2) she was not required to pay income or self-employment tax because subtitles A and C do not apply to citizens of the 50 States and only apply to residents of Washington, D.C., and U.S. territories and possessions; (3) income earned within the 50 States is exempt from tax under section 911 as foreign earned income;[7] and (4) respondent has no authority delegated by the Secretary of Treasury to assess and collect subtitle A tax in the 50 States. Petitioner also contends that the two IRS letters were from the U.S. Department of the Treasury (Treasury Department), which appeared on the letterhead with the IRS, and not from the IRS. Petitioner maintains that in the 1994 letter, the Treasury

---

[7] Petitioner does not meet the limited exclusion from gross income under sec. 911. Solomon v. Commissioner, T.C. Memo. 1993-509, affd. without published opinion 42 F.3d 1391 (1994). An individual qualified for the sec. 911 exclusion is a U.S. citizen whose tax home is a foreign country, and who meets the bona fide residence test, or resides in a foreign country for a qualifying period. Sec. 911(d)(1). Moreover, "foreign earned income" includes amounts received from sources within a foreign country as earned income for services performed by such individual. Sec. 911(b)(1)(A).

Department stated that petitioner was not required to file a return in 1992, and petitioner argues that the Treasury Department's authority supersedes respondent's determination in the deficiency notice.

Petitioner's arguments are without merit and lack factual and legal foundation.  In that regard, we are not obligated to exhaustively review and rebut petitioner's misguided contentions. Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984) ("We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit.")  Accord Casper v. Commissioner, 805 F.2d 902 (10th Cir. 1986), affg. T.C. Memo. 1985-154.

Standard Deduction

Respondent determined that petitioner was not entitled to a standard deduction for 1992 because she was married filing separate returns.  Respondent allowed petitioner a $3,700 standard deduction for 1993.  Section 63(c) permits a standard deduction, in addition to deductions for personal exemptions, from adjusted gross income to determine taxable income.  A married individual filing a separate return where either spouse itemizes deductions is not eligible for a standard deduction. Sec. 63(c)(6)(A).  Petitioner did not present any evidence with

respect to her entitlement to the standard deduction in 1992. Accordingly, respondent is sustained on this issue.

Additions to Tax

Section 6651(a)(1) imposes an addition to tax for failure to file a timely return of 5 percent of the tax due for each month a return is delinquent, not to exceed 25 percent. The addition does not apply if the failure to timely file is due to reasonable cause and not due to willful neglect. Sec. 6651(a)(1). Petitioner has the burden of proving reasonable cause and the lack of willful neglect. United States v. Boyle, 469 U.S. 241, 245 (1985); Baldwin v. Commissioner, 84 T.C. 859, 870 (1985). To prove "reasonable cause", taxpayers must show they exercised ordinary business care and prudence and were nevertheless unable to file the return within the statutorily prescribed time. Crocker v. Commissioner, 92 T.C. 899, 913 (1989); sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Taxpayers may, generally, establish reasonable cause by proving that they reasonably relied on the advice of an accountant or attorney that it was unnecessary to file a return and later found that such advice was erroneous or mistaken. United States v. Boyle, supra at 250; Estate of Paxton v. Commissioner, 86 T.C. 785, 820 (1986).

Petitioner contends that she had reasonable cause not to file returns for 1992 and 1993 based on various tax protester arguments described above. Petitioner also relies on the two IRS

letters and the court documents received from Mr. Taylor. However, we do not find petitioner's contention to be persuasive. Petitioner's interpretation of the two IRS letters centers on the statement that she may not have to file a return. Petitioner's rendition of the letters is inaccurate. The letters instructed petitioner to complete enclosed worksheets to determine whether she was required to file a return. There is no evidence that she attempted to determine whether she met the minimum filing thresholds. Moreover, she received the first IRS letter in 1994, after the 1992 return was due, and it is not reasonable cause for her failure to file the 1992 return. Additionally, the second letter was not received until 1996 and is inapplicable in this case.

Petitioner also argues that she reasonably relied on State court documents from Texas in not filing her return. In particular, petitioner asserts that she relied on Mr. Taylor's professional opinion purportedly expressed in the State court documents. Although we believe that petitioner entered into discussions with Mr. Taylor regarding her income tax liability, the record does not support that she retained Mr. Taylor as her attorney for income tax purposes. The documents are simply insufficient to establish reasonable reliance on a professional. See, e.g., Lust v. Commissioner, T.C. Memo. 1975-16. Additionally, the documents relate to a proceeding in which

petitioner was not a party.  These documents have little, if any, probative value bearing on petitioner's failure to file returns. Moreover, even if petitioner relied on the substantive advice of an attorney, it is entirely unnecessary to be a "tax expert to know that tax returns have fixed filing dates and that taxes must be paid when they are due."  United States v. Boyle, supra at 251.

While petitioner may have honestly believed that she did not have to file tax returns, that belief was not reasonable. Petitioner has not shown that her failure to file returns for the years at issue was due to reasonable cause.  Accordingly, petitioner is liable for additions to tax under section 6651(a)(1) in 1992 and 1993.

Section 6654 imposes an addition to tax for failure to make estimated tax payments.  Where prepayments of tax, either through withholding or quarterly estimated tax payments during the course of the year, do not equal the percentage of total liability required to be paid as estimated tax, the addition is automatically imposed unless the taxpayer proves that one of several statutory exceptions applies.  Sec. 6654; Habersham-Bey v. Commissioner, 78 T.C. 304, 319-320 (1982); Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980).  Petitioner has made no such showing and is liable for section 6654 additions to tax in 1992 and 1993.

To reflect the foregoing and concessions by the parties,

Decision will be entered under
Rule 155.