T.C. Memo. 2010-138

UNITED STATES TAX COURT

LEE ROY SULLIVAN, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 11054-09, 13323-09,   Filed June 22, 2010.
          13324-09.

Lee Roy Sullivan, Jr., pro se.

<u>Olivia Hyatt</u> and <u>Steven M. Webster</u>, for respondent.

MEMORANDUM OPINION

COHEN, <u>Judge</u>:  In these consolidated cases, respondent determined deficiencies and additions to tax with respect to petitioner's Federal income taxes for 2004, 2005, and 2006 as follows:

| | | Additions to Tax | | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654(a) |
| 2004 | $7,244 | $1,480.73 | $1,447.82 | $186.47 |
| 2005 | 6,846 | 1,540.35 | 1,095.36 | 274.62 |
| 2006 | 6,239 | 1,403.78 | 623.90 | 295.26 |

Respondent has conceded the section 6651(a)(2) addition to tax for all years and some deductions as indicated below.  After concessions, the issues for decision are whether petitioner is entitled to any deductions not previously allowed by respondent and whether he is liable for the additions to tax under sections 6651(a)(1) and 6654(a).  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

The material facts have been deemed stipulated pursuant to Rule 91(f).  Petitioner resided in South Carolina at the time that he filed his petitions.

Petitioner was employed as a painter by Waddell Painting and received wages of $42,743, $44,847, and $46,417 during 2004, 2005, and 2006, respectively.  He also received from the Housing Authority of the City of Greenville rents of $7,212, $4,070, and $740, during 2004, 2005, and 2006, respectively.  During 2005, petitioner received interest of $13.

Petitioner did not file Federal income tax returns for the years in issue.  Respondent determined deficiencies based on

third-party information reporting.  After a conference with the Internal Revenue Service Appeals Office, certain of petitioner's claimed deductions were accepted, as discussed below.

Procedural Matters

The petitions in these cases had attached copies of a form containing a hodgepodge of frivolous, irrelevant, and spurious arguments.  The form sets forth a general denial of tax liability; a claim of various deductions and exemptions and filing status other than allowed in the statutory notices; an assertion that the figures used "stem from illegal immigrants" using the taxpayer's Social Security number; an allegation that penalties should be waived because "the Internal Revenue Code is so complex and confusing"; a claim for "the illegal telephone excise tax"; a claim of deductible expenses of tax preparation and advice on filing (even though no returns were filed); and a claimed lack of records justifying reconstruction and estimates, with a citation of and quotation from Cohen v. Commissioner, 266 F.2d 5 (9th Cir. 1959) [remanding T.C. Memo. 1957-172].  This form is familiar because it is repeatedly used by persons relying on a tax defier Web site.  See, e.g., Cook v. Commissioner, T.C. Memo. 2010-137, filed this date.

By notices served September 29, 2009, these cases were set for trial in Columbia, South Carolina, on March 1, 2010. Attached to the notices setting case for trial was the Court's

standing pretrial order, which advises the parties of the requirements for preparation of cases for trial in this Court, specifically including the exchange of documents and the execution of stipulations in accordance with Rule 91.

On December 2, 2009, respondent filed in each case a motion under Rule 91(f) asserting that petitioner had refused to stipulate to any facts or documents involved in the cases. The proposed stipulations set out petitioner's receipt of the items of income determined in the statutory notice and his failure to file timely returns. An order to show cause was issued, petitioner failed to submit a timely or proper response, and the matters that were the subject of the motion were deemed stipulated. At the time of trial, petitioner was given an opportunity to show that the deemed stipulations should be set aside, but he failed to raise any reasonable dispute with respect to the items of income. See sec. 6201(d). He has never denied that he failed to file tax returns for the years in issue, and he has asserted that he was not required to file them because he did not have enough income.

Before trial, petitioner sent to the Court a series of frivolous and untimely discovery motions. He served on respondent's counsel requests for admissions seeking admissions of his claimed deductions without any substantiation or even identification of the year or amounts of the claimed deductions.

When the case was called for trial, petitioner filed a motion in limine repeating his demands for discovery and requesting that respondent be denied the opportunity to admit evidence not made available to him before January 15, 2010, one of the many errors made by petitioner in interpreting deadlines for discovery under the Tax Court Rules and for the exchange of documents under the standing pretrial order. Petitioner, however, did not have any records relating to his claimed employee expenses or other itemized deductions with him at trial. He requested more time to present them. He was advised that he could present any additional documents to respondent's counsel and move to reopen the record within 30 days for further stipulations or concessions.

Because of inconsistencies in the record concerning petitioner's mortgage interest expense for 2006, the Court ordered the parties to report as to any additional documents produced by petitioner after trial to substantiate his deductions and to report as to the correct allowance for mortgage interest expense for 2006, allocated between interest allowable on Schedule A, Itemized Deductions, as an itemized deduction and interest allowable on Schedule E, Supplemental Income and Loss, as rental expense. On or about April 21, 2010, petitioner submitted to respondent another list of the amounts that he claimed as itemized deductions and some check records reflecting

charitable contributions.  He did not move to reopen the record.
Respondent made additional concessions of mortgage interest
deductible as rental expense for 2006 but made no further
concessions based on the belatedly tendered documents that did
not substantiate any deductions exceeding the standard deduction
allowed for each year.

## Discussion

Throughout the history of these cases, petitioner has
asserted erroneous legal arguments while asking that his
procedural defaults be excused on the grounds that he is not
legally trained.  He has misconstrued deadlines and complained
of, rather than complied with, instructions about how he could
cure his defaults.  He has pursued irrelevant discovery from
respondent in a case where the relevant facts are solely within
his knowledge and control.  He has apparently copied his
petitions and various motions from an unreliable source.

Petitioner has the burden of proving his entitlement to
deductions.  See New Colonial Ice Co. v. Helvering, 292 U.S. 435,
440 (1934); Rockwell v. Commissioner, 512 F.2d 882 (9th Cir.
1975), affg. T.C. Memo. 1972-133.  He is not entitled to have the
burden of proof shift to respondent because he has failed to
substantiate the items, has failed to maintain required records,
and has failed to introduce credible evidence with respect to the

deductions (apart from those respondent has conceded). See sec. 7491(a).

Rather than pursuing the straightforward approach of substantiating his claimed deductions, petitioner has engaged in obstructive tactics and has ultimately failed to prove any deductions beyond those allowed by the Appeals Office. Specifically, he has failed to show that he has any itemized deductions for 2004, 2005, or 2006 that in total would exceed or even equal the standard deduction that he has been allowed for each year.

At trial and in his subsequent submission, petitioner asserted that he is entitled to deductions for uniforms, out-of-town meals, cellular phone usage, vehicle expenses, and charitable contributions. He acknowledged that he had no receipts for any of the items claimed and specifically that he had no records of out-of-town meals, cellular phone usage, or business mileage.

Petitioner asserts that his estimates of various expenses should be accepted without substantiating documents. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1939). Those that may be accepted based on estimates are less than amounts he previously claimed, are less than amounts accepted by the Appeals Office, and, even when combined with substantiated home mortgage expenses and uniform expenses accepted by the Appeals Office, are

less than the standard deductions allowed for each year. Moreover, items subject to special statutory substantiation rules may not be allowed without compliance with those rules.

To be entitled to a deduction for uniforms, petitioner would have to show the amounts spent for special clothing not suitable for ordinary street wear. See <u>Yeomans v. Commissioner</u>, 30 T.C. 757, 767-769 (1958); <u>Alami El Moujahid v. Commissioner</u>, T.C. Memo. 2009-42. He has not done so. To be entitled to employee business expense deductions for out-of-town meals, cellular phone usage, and vehicle expenses, he would have to substantiate the amount, time, place, and business purpose of each item in accordance with sections 274(d) and 280F(d)(1) and (4). He has not produced any of the required substantiation, and no amounts in excess of the standard deductions for each year are allowable.

Under section 7491(c), respondent has the burden of production with respect to the additions to tax. As applicable in these cases, the addition to tax under section 6651(a)(1) for failure to file a tax return is 5 percent of the tax required to be shown on the return for each month or fraction of a month during which the failure continues, not exceeding 25 percent in the aggregate. Respondent has produced transcripts reflecting petitioner's failure to file the returns in issue here, and petitioner has acknowledged that failure. Petitioner's only tendered excuse for failing to file returns is his claim that he

had insufficient income, but the wages exceeding $40,000 that he received each year were far in excess of the minimum amount of gross income requiring a return for each year (generally, for single individuals, $7,950 for 2004, $8,200 for 2005, and $8,450 for 2006). See sec. 6012(a). He has not shown reasonable cause for nonfiling, and the additions to tax under section 6651(a)(1) will be sustained. See, e.g., Higbee v. Commissioner, 116 T.C. 438, 447-448 (2001).

The evidence at trial included a transcript of petitioner's account for 2003 as well as evidence of petitioner's nonfiling for 2003 and the years in issue. Because he failed to file returns for those years, estimated payments of 90 percent of his tax due for each year in issue were required and, because they were not made, an addition to tax applies. See sec. 6654(a), (d)(1)(B). Respondent's burden of production has been met, and petitioner has not asserted, and the record does not suggest, that any exception to this addition to tax is applicable. See Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980).

Respondent did not request a penalty under section 6673, and we have decided not to impose one sua sponte. Petitioner has, however, pursued frivolous and groundless arguments. He is cautioned that such a course in future proceedings may result in a penalty against him in an amount not to exceed $25,000. Moreover, other sanctions may also be applicable for

noncompliance with his tax obligations.  See <u>Cook v. Commissioner</u>, T.C. Memo. 2010-137, filed this date.

To reflect the foregoing,

<u>Decisions will be entered under Rule 155</u>.