T.C. Memo. 2010-137

UNITED STATES TAX COURT

CARL COOK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17963-08.                    Filed June 22, 2010.

Carl Cook, pro se.

<u>Randall L. Eager</u>, for respondent.

MEMORANDUM OPINION

COHEN, <u>Judge</u>:  Respondent determined deficiencies and additions to tax as follows:

|  |  | Additions to Tax | | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
| 2003 | $77,371 | $17,408.48 | [1]$18,955.90 | -- |
| 2004 | 13,731 | 3,089.48 | [1] | $393.49 |
| 2005 | 15,206 | 3,421.35 | [1] | 609.96 |
| 2006 | 15,064 | 3,389.40 | [1] | 712.90 |

[1]The addition to tax will continue to accrue from the due date of the return at a rate of 0.5 percent for each month, or fraction thereof, of nonpayment, not exceeding 25 percent.

The issue for decision is whether petitioner has shown any error with respect to the amounts determined in the statutory notices. As discussed below, none of the facts have been stipulated, and the evidence is too sparse for meaningful findings of fact. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioner resided in Detroit, Michigan, at the time he filed his petition. During the years in issue, petitioner was employed as a fireman for the City of Detroit.

Petitioner failed to file Federal income tax returns for the years in issue. After receiving information returns reporting income paid to petitioner, the Internal Revenue Service (IRS) prepared a substitute for return under section 6020(b) for each year. On May 8, 2008, the IRS sent petitioner two notices of deficiency, one notice for 2003, 2004, and 2005 and a separate

notice for 2006. The notices determined that petitioner received wages of $66,263 in 2003, $75,273 in 2004, $81,927 in 2005, and $82,483 in 2006, and that in 2003 petitioner received a distribution of $156,747 from an individual retirement account (IRA) administered by John Hancock Life Insurance Co. In addition, the notices determined that petitioner had unreported income from a State income tax refund in 2003 and interest income in 2003, 2004, and 2005. The notices allowed petitioner the standard deductions for single individuals of $4,750 for 2003, $4,850 for 2004, $5,000 for 2005, and $5,150 for 2006.

The petition filed in this case reflected as its source "http://www.patriotnetwork.info/Tax Court petition new.htm" and contained a hodgepodge of frivolous, irrelevant, and spurious arguments common to petitions filed by followers of Robert Clarkson (Clarkson) and his Patriot Network, an organization that promotes tax avoidance and frustration and delay of collection efforts by the IRS. See, e.g., Rice v. Commissioner, T.C. Memo. 2009-169; Marett v. Commissioner, T.C. Memo. 2009-14, affd. 345 Fed. Appx. 869 (4th Cir. 2009). The form calls for a general denial of tax liability; a claim of various deductions and exemptions and filing status other than allowed in the statutory notices; an assertion that the figures used "stem from illegal immigrants" using the taxpayer's Social Security number; an allegation that penalties should be waived because "the Internal

Revenue Code is so complex and confusing"; a claim for credit "for the illegal telephone excise tax for each year"; a claim of deductible expenses of tax preparation and advice on filing (even though no returns were filed); and a claimed lack of records justifying reconstruction and estimates, with a citation of and quotation from Cohen v. Commissioner, 266 F.2d 5 (9th Cir. 1959) [remanding T.C. Memo. 1957-172].

Although he resided in Detroit, petitioner requested Columbia, South Carolina, as the place of trial, a common practice among followers of Clarkson. By notice served September 29, 2009, this case was set for trial in Columbia on March 1, 2010. Included with the notice setting case for trial was the Court's standing pretrial order that, among other things, required the parties to stipulate to matters in accordance with Rule 91 and to exchange before trial documents to be used at trial.

Petitioner refused to enter into any stipulation with respect to the facts of this case. He refused to meet with respondent's counsel or to turn over any records of his alleged deductions. Instead, he submitted frivolous and untimely motions and a pretrial memorandum repeating allegations from the petition and adding additional ones, such as an unexplained reference to the Fifth Amendment privilege against self-incrimination. When the case was called for trial, petitioner filed a motion in

limine, requesting that respondent be denied the opportunity to admit evidence not made available to petitioner before January 15, 2010, one of the many errors made by petitioner in interpreting deadlines for discovery under the Tax Court Rules and for the exchange of documents under the standing pretrial order. (This is apparently another misguided tactic promoted by petitioner's source of documents. See Sullivan v. Commissioner, T.C. Memo. 2010-138, filed this date.) Among his primary contentions are that respondent is relying on hearsay and that the third-party reports of his income relied on by respondent have not been "authenticated or certified".

## Discussion

Petitioner testified that he failed to file tax returns for the years in issue because he thought that his deductions for business expenses and charitable contributions would result in no tax liabilities. When describing his alleged deductions, he acknowledged that he was employed by the City of Detroit as a fireman, and he claimed to have incurred expenses for meals, special clothing, travel, a vehicle, and a cellular telephone and to have made charitable contributions and incurred medical expenses. He denied, however, receiving Forms W-2, Wage and Tax Statement, and he denied having any recollection of his earnings during the years in issue. He also denied having any recollection of receiving an IRA distribution in 2003.

A well-established principle in tax litigation is "that the Commissioner's determination of tax liability is entitled to a presumption of correctness and that the burden is on the taxpayer to prove that the determination is erroneous." Boles Trucking, Inc. v. United States, 77 F.3d 236, 239 (8th Cir. 1996) (citing Helvering v. Taylor, 293 U.S. 507, 515 (1935), and Day v. Commissioner, 975 F.2d 534, 537 (8th Cir. 1992), affg. in part and revg. in part T.C. Memo. 1991-140).

Two statutory provisions modifying that well-established principle are relevant in the context of this case. Section 6201(d) provides that in any court proceeding, if a taxpayer asserts a reasonable dispute with respect to any item of income reported on an information return and has fully cooperated, the Commissioner shall have the burden of producing reasonable and probative information concerning the deficiency in addition to the information return.

Section 7491(a) provides in part:

SEC. 7491. BURDEN OF PROOF.

(a) Burden Shifts Where Taxpayer Produces Credible Evidence.--

(1) General rule.--If, in any court proceeding, a taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer for any tax imposed by subtitle A or B, the Secretary shall have the burden of proof with respect to such issue.

(2) Limitations.--Paragraph (1) shall apply with respect to an issue only if--

    (A) the taxpayer has complied with the requirements under this title to substantiate any item;

    (B) the taxpayer has maintained all records required under this title and has cooperated with reasonable requests by the Secretary for witnesses, information, documents, meetings, and interviews * * *

Neither of the above provisions alters petitioner's burden in this case. The records of the IRS received in evidence pursuant to rules 803(8) and 902(4) of the Federal Rules of Evidence reflect the information returns on which the notices of deficiency were based. The evidence at trial included records of John Hancock Life Insurance Co. showing the distribution to petitioner of $156,747.19 in 2003 and a copy of a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., used to report the distribution. These records were received in accordance with rules 803(6) and 902(11) of the Federal Rules of Evidence.

Petitioner admitted that he received wages from the City of Detroit. He did not identify any error in amounts respondent determined, choosing instead to deny any recollection of the amounts received or his rates of pay during the years in issue. He also denied recollection of a distribution from an IRA in 2003 or receipt of any Forms W-2 or 1099 showing the income reported by the payors. His denials are not credible, and he has not

asserted a "reasonable dispute" within the meaning of section 6201(d) with respect to the items of income included in the notices of deficiency.

Petitioner's implausible denials, along with his pursuit of frivolous arguments, undermine the reliability of his testimony. That testimony is not credible for purposes of section 7491(a)(1), and he did not substantiate any item, maintain any records, or cooperate with reasonable requests for information for purposes of section 7491(a)(2). The burden of proof did not shift to respondent in this case. Unlike the circumstances in Cohen v. Commissioner, 266 F.2d 5 (9th Cir. 1959) relied on by petitioner, this record gives us no reason to doubt the validity of the determinations in the notices of deficiency.

Even at face value, petitioner's claims of deductible business expenses and charitable contributions were less, in total, than the standard deduction that he was allowed for each year. He has not satisfied the requirements for deductions for special clothing. See Yeomans v. Commissioner, 30 T.C. 757, 767-769 (1958); Alami El Moujahid v. Commissioner, T.C. Memo. 2009-42. To be entitled to employee business expense deductions for meals, cellular phone usage, and vehicle expenses, he would have to substantiate the amount, time, place, and business purpose of each item in accordance with sections 274(d) and 280F(d)(1) and (4). He has not produced any of the required substantiation, and

no amounts in excess of the standard deductions are allowable. He has not identified any entitlement to exemptions or credits or shown that his filing status is other than single for the years in issue.

Under section 7491(c), respondent has the burden of production with respect to the additions to tax. Respondent produced transcripts reflecting petitioner's failure to file returns and certificates of the preparation of substitutes for returns under section 6020(b), and petitioner acknowledged his failure to file. He has not shown reasonable cause for that failure. His claim that he believed that he did not have tax liabilities is not credible, and, in any event, the obligation to file returns is based on receipt of gross income, such as wages, not taxable income. See sec. 6012(a). Respondent has satisfied the burden of production with respect to the additions to tax under section 6651(a)(1) and (2). See, e.g., Higbee v. Commissioner, 116 T.C. 438, 447-448 (2001).

The IRS records received under rules 803(8) and 902(4) of the Federal Rules of Evidence, as described above, reflect the absence of any withholding or other payments of taxes with respect to the income attributed to petitioner for 2003, 2004, 2005, and 2006. Because he failed to file returns for the years in issue, estimated payments of 90 percent of his taxes due for 2004, 2005, and 2006 were required and, because they were not

made, additions to tax apply for those years.  Sec. 6654(a),
(d)(1)(B).  Respondent's burden of production has been met, and
petitioner has not asserted, and the record does not suggest,
that any exception to this addition to tax is applicable.  See
Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980).

Respondent's counsel requested at trial that a penalty under
section 6673 be imposed.  The Court can only speculate that,
faced with a substantial tax liability in 2003 because of high
earnings and a large IRA distribution, petitioner began a course
of noncompliance and tax defiance.  He did not seek competent tax
advice but adopted the tactics of others who publish or print
materials from the Internet, perpetuate specious legal arguments
suggested by those materials but unrelated to the facts of the
cases, and then plead for special treatment because of their pro
se status.  Although we are not now imposing that penalty,
petitioner is cautioned that a penalty in an amount not in excess
of $25,000 may be awarded against him in the future if he
institutes or maintains proceedings in this Court primarily for
delay, takes positions that are frivolous or groundless, or
unreasonably fails to pursue available administrative remedies.
See sec. 6673(a)(1).

By petitioner's reference to the Fifth Amendment privilege
against self-incrimination, we infer that he is also aware of
substantial civil and criminal penalties that may be imposed for

noncompliance with his tax obligations. See secs. 6651(f) (fraudulent failure to file penalty), 6663 (fraud penalty), 7201 (felony tax evasion), 7203 (misdemeanor willful failure to file). He and others similarly situated should keep these possibilities in mind when they engage in the misguided programs reflected in the record here.

For the foregoing reasons,

Decision will be entered for respondent.