[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 17, 2012
JOHN LEY
CLERK

No. 11-11377
Non-Argument Calendar

_____

Agency No. 3474-09

PATRICIA A. BROOKSHIRE,

Petitioner-Appellant,

versus

COMMISSIONER OF IRS,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
U.S. Tax Court

_____

(January 17, 2012)

Before TJOFLAT, EDMONDSON and FAY, Circuit Judges.

PER CURIAM:

Patricia Brookshire, proceeding *pro se*, appeals the tax court's denial of her

petition for redetermination of her tax deficiency.  She argues that the tax court judge was biased against her for proceeding *pro se*.  For the reasons set forth below, we affirm the tax court's decision.

## I.

Brookshire failed to file tax returns for tax years 2003 through 2006.  After the Commissioner issued notices of deficiency for 2004 and 2006, Brookshire filed a petition with the tax court seeking a redetermination of the tax deficiencies.  In her petition, she referred to herself as "he."  Among other things, she argued that she had no tax liability for 2004 or 2006 and that she had business expenses, tax preparation expenses, and charitable donation deductions.  She explained that she could not substantiate the income alleged by the Commissioner, which might have been that of illegal immigrants who stole her Social Security number.

The parties submitted a stipulation of facts, to which they attached a number of exhibits, including declarations setting forth Brookshire's wage, non-employee, and interest income in 2004 and 2006.  They further stipulated that the 2004 income from U.S. Personnel and the 2006 income from Patrick Cornelius was wage income.  With the stipulation of facts, Brookshire submitted an affidavit, list of expenses and deductions, and spreadsheets summarizing her asserted business expenses.

At trial, Brookshire testified that she was a freelance graphic designer. Cornelius was one of her clients, and the W-2 from U.S. Personnel reflected her payment from Cornelius. In 2004 and 2006, she had compared her income with her business expenses and determined "that it was essentially a wash." She questioned the Commissioner's determination of liability because she could not find any W-2's or 1099's for 2004 or 2006 in her records. Brookshire began testifying regarding the deduction for home insurance that the Commissioner's appeals counsel had been willing to approve, and the Commissioner objected. The court stated that what Brookshire and appeals counsel had discussed was not admissible.

Brookshire testified that she was a contract worker for U.S. Personnel, although she received W-2 wages for that work. She was not sure how her claimed business expenses were allocated between her wage and non-employee income, but she believed that more of her expenses were for her freelance work than for her W-2 work. As to her travel expenses, she had recorded her mileage in a logbook and transferred the information to a spreadsheet. After the Commissioner pointed out some discrepancies in her 2006 spreadsheet, Brookshire testified that those entries were incorrect. She did not have the original mileage log with her at the trial. Additionally, her 2006 mileage might

3

not all have been attributable to non-employee income.

As to charitable donations, Brookshire testified that she gave cash donations to two churches, averaging a total of $50 per week, for a total of $2,600.00. She asked the court to consider her affidavit setting forth that estimate. The court replied that it could not accept Brookshire's affidavit because it was inadmissible hearsay. However, the court explained, Brookshire's testimony substituted for the affidavit.

At the conclusion of her testimony, Brookshire objected to the declarations attached to the stipulation of facts because she could not cross-examine the individuals who submitted them.

The court acknowledged that Brookshire had listened to the court proceedings, but found that her problems began with her petition. The court stated that her petition included boilerplate language, frivolous arguments, and referred to Brookshire as a "he" rather than a "she." Brookshire had testified that her claimed mileage was inaccurate. The court noted that Brookshire had conducted research, but she was at a disadvantage as a *pro se* litigant. The court stated that it would allow the Commissioner and Brookshire to submit briefs before issuing a ruling.

The court issued a memorandum incorporating the stipulated facts and

4

setting forth additional factual findings and an opinion. The court described Brookshire's claims in her petition as "a hodgepodge of frivolous, irrelevant, and spurious arguments common to petitioners following a program of tax defiance." The court cited three other tax court cases: *Jensen v. Comm'r*, T.C.M. (RIA) 2010-143, *Sullivan v. Comm'r*, 99 T.C.M. (CCH) 1565 (2010), and *Cook v. Comm'r*, 99 T.C.M. (CCH) 1562 (2010). Specifically, as the taxpayers in those three cases had contended, Brookshire denied tax liability, alleged that the Commissioner's income figures came from illegal immigrants who stole her Social Security number, asserted that tax regulations were too complex, claimed credit for the illegal telephone excise tax, claimed a deduction for tax preparation and filing advice expenses even though she had not filed tax returns, asserted that she should be allowed to reconstruct records, and referred to herself as "he."

The court explained that the exhibits to which Brookshire objected were admissible under Fed.R.Evid. 803(6), 902(11). The court found that Brookshire had not properly substantiated many of the deductions she attempted to claim, such as her 2006 mileage, which she admitted was incorrect. There was no evidence verifying Brookshire's claimed charitable contributions. The court further found that Brookshire had attempted to re-characterize her wage income as non-employee income in order to claim additional expenses as business expenses.

5

Brookshire also had not cooperated with the Commissioner, had not properly complied with rules regarding turning over documents, had obstructed the process by pursuing frivolous arguments, and had not sought competent tax advice. The court did not believe that Brookshire misunderstood the law or believed that she had no taxable income. Accordingly, the court sustained the Commissioner's determination of tax deficiencies and penalties.

In a motion for reconsideration, Brookshire argued that the court showed a bias against *pro se* litigants. The motion was denied. The tax court issued its decision, and Brookshire timely appealed.

II.

We review the tax court's factual findings for clear error and its legal conclusions *de novo*. *Estate of Whitt v. Comm'r*, 751 F.2d 1548, 1556 (11th Cir. 1985). A judge's failure to recuse herself is reviewed for an abuse of discretion. *Murray v. Scott*, 253 F.3d 1308, 1310 (11th Cir. 2001).

A judge must recuse herself when her "impartiality might reasonably be questioned" or when she "has a personal bias or prejudice" against a party. 28 U.S.C. § 455(a), (b)(1). Thus, a judge should recuse herself if "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's

impartiality." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quotation omitted). The bias must be personal, rather than judicial, to require recusal. *Id.* That is, the bias "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from [her] participation in the case." *Jaffe v. Grant*, 793 F.2d 1182, 1188-89 (11th Cir. 1986) (quotations omitted). A judge's remarks may show "such pervasive bias and prejudice that it constitutes bias against a party," but a "judge's comments on lack of evidence" and adverse rulings do not "constitute pervasive bias." *Hamm v. Members of the Bd. of Regents of the State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983). A judge's "expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display," do not show that the judge was biased. *Liteky v. United States*, 510 U.S. 540, 555-56, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994).

In *Jensen*, *Sullivan*, and *Cook*, the tax court found that the taxpayers presented frivolous and irrelevant claims common to tax defiance programs. *Jensen*, T.C.M. (RIA) 2010-143; *Sullivan*, 99 T.C.M. (CCH) 1565; *Cook*, 99 T.C.M. (CCH) 1562. Similar to the arguments Brookshire presented, each of those taxpayers cited *Cohen* and argued that the Commissioner's determination of

7

income might have been derived from illegal immigrants who stole his identity, tax regulations were complex, he was entitled to a deduction for the illegal telephone excise tax, he was entitled to deduct expenses for tax preparation and advice even though he filed no tax return, and he was missing records. *Jensen*, T.C.M. (RIA) 2010-143; *Sullivan*, 99 T.C.M. (CCH) 1565; *Cook*, 99 T.C.M. (CCH) 1562.

Brookshire's arguments regarding bias are meritless.[1]  Although she does at one point allege that the judge had a "personal bias" against her, all of her claims revolve around the judge's statements at trial and in the opinion.  The judge's comments, however, do not reflect a pervasive bias. *See Hamm*, 708 F.2d at 651. The judge did not reveal any bias towards *pro se* litigants by citing cases in which the taxpayers had raised the same frivolous arguments that Brookshire raised.  Nor did the judge reflect any bias by pointing out that Brookshire's petition contained an incorrect pronoun or by finding Brookshire's arguments frivolous.  These findings reflect the judge's opinion on the merits of the case, not any personal or

---

[1] Two additional matters warrant a brief discussion.  First, although Brookshire seems to challenge the tax court's findings on the merits in her reply brief, she abandoned that issue by failing to raise it in her initial brief. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (explaining that *pro se* briefs are construed liberally, but *pro se* litigants nonetheless abandon issues raised for the first time in a reply brief).  Second, we decline to consider the documents that Brookshire attached to her initial brief because they were not before the lower court. *See Hershey v. City of Clearwater*, 834 F.2d 937, 941 n.6 (11th Cir. 1987) (explaining that we generally do not consider documents not before the lower court).

pervasive bias against Brookshire specifically or *pro se* litigants generally. *See id.* Moreover, the judge did not err in noting that her arguments were frivolous. *See Estate of Whitt*, 751 F.2d at 1556. For example, Brookshire's inability to verify her income was caused by her own failure to keep records. It was unreasonable for her to assume and argue that because she failed to keep adequate records, illegal immigrants might have stolen her identity.

Next, Brookshire argues that the judge showed bias through erroneous factual findings and a finding that Brookshire was not fully credible. However, even if these findings contained errors, such errors do not reveal any bias on the part of the judge. These findings were based on the facts of the case, not based on an extrajudicial source or any personal or pervasive bias on the part of the judge. *See Jaffe*, 793 F.2d at 1188-89; *Hamm*, 708 F.2d at 651.

Brookshire also asserts that the judge showed bias by failing to accept Brookshire's testimony regarding charitable donations as true after telling Brookshire that she would do so, finding that Brookshire attempted to re-characterize her income from Cornelius as non-employee income, and failing to rule on all objections raised at trial. These assertions are belied by the record, which shows that: (1) the judge merely stated that Brookshire's testimony as to charitable donations was admissible, but her affidavit was not; (2) Brookshire did

9

attempt to re-characterize her income from Cornelius as non-employee income despite stipulating that it was wage income; (3) the judge explicitly stated that Brookshire's conversations with appeals counsel were not admissible; and (4) the judge explicitly found that the declarations to which Brookshire objected were admissible under Fed.R.Evid. 803(6), 902(11).

Finally, Brookshire argues that the judge attempted to prevent her from seeking review of her case by using an intimidating tone at trial and in the opinion. The record reveals no such tone and instead shows that the judge allowed Brookshire to testify and be cross-examined, allowed her to file a post-trial brief, and answered her questions regarding the admission of business records. The judge also acknowledged that Brookshire had listened to the court proceedings. Moreover, given that Brookshire proceeded to trial, filed a motion for reconsideration, and filed the instant appeal, it does not appear that she was actually intimidated by the judge's alleged tone. Based on the above, the judge did not abuse her discretion because she showed no bias. *See Murray*, 253 F.3d at 1310.

For the foregoing reasons, we affirm the tax court's decision.

**AFFIRMED.**