T.C. Memo. 2012-248

UNITED STATES TAX COURT

LISA WEBB LEYSHON, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14071-11.                    Filed August 28, 2012.

Lisa Webb Leyshon, pro se.

<u>Kimberly B. Tyson</u> and <u>Elizabeth M. Bux</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  This case is before the Court on a petition for

redetermination of a deficiency and additions to tax that respondent determined  for

petitioner's 2008 tax year.  After concessions, the issues for decision are as follows:

**[\*2]**   (1) whether petitioner failed to report wages of $20,721.22,

(2) whether petitioner failed to report a retirement distribution of $6,600, and

(3) whether petitioner is liable for an addition to tax pursuant to section

6651(a)(1)[1] for failure to timely file a tax return.

We hold that petitioner failed to report both the wages and the retirement

distribution at issue.  We further hold that petitioner is liable for the section

6651(a)(1) addition to tax.

Respondent has also moved that the Court impose a penalty pursuant to

section 6673 for petitioner's purported frivolous or groundless litigation position.

We will deny respondent's motion.

## FINDINGS OF FACT

At the time the petition was filed, petitioner was a resident of North

Carolina.[2]

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue
Code in effect for the year in issue, and all Rule references are to the Tax Court
Rules of Practice and Procedure.

[2]Before trial, on March 27, 2012, respondent filed a motion to show cause
pursuant to Rule 91(f) to explain why the facts and evidence set forth in
respondent's proposed stipulation of facts should not be accepted as established.
In an order to show cause dated March 28, 2012, we directed petitioner to respond

(continued...)

**[*3]** During petitioner's taxable year 2008 she received aggregate wages of $20,721 from Country Gourmet, Ltd.  Petitioner also received a retirement plan distribution of $6,600 from Merrill Lynch as custodian.

Petitioner did not file a tax return for her 2008 taxable year.  Respondent prepared a substitute for return (SFR) on petitioner's behalf for 2008 using

---

[2](...continued)
to respondent's motion on or before April 18, 2012.  On April 30, 2012, petitioner filed the following lengthy and generally irrelevant documents with the Court:  (1) motion for court to take judicial notice of the Congressional Record; (2) motion for court to take judicial notice of all holdings of the Supreme Court of the United States and other courts; (3) motion for court to take judicial notice of all of the Federal Register; and (4) opposition as to the Court's order to show cause dated March 28, 2012.  We denied petitioner's first three aforementioned motions and set a hearing on our order to show cause for May 14, 2012.

At the hearing petitioner failed to adduce any relevant evidence or facts and refused to give any testimony under oath.  We admonished petitioner that if she had no additional facts to add, the record would be closed.  Respondent further moved for imposition of a penalty under sec. 6673.  At the conclusion of the hearing, the Court took the order to show cause and respondent's motion for imposition of a penalty under sec. 6673 under advisement.

Following the hearing we directed respondent, in an order dated May 14, 2012, to serve on petitioner and to provide to this Court on or before June 27, 2012, the exhibits listed in the proposed stipulation of facts.  On June 25, 2012, respondent provided to the Court the exhibits listed in his proposed stipulation of facts and indicated that petitioner had received service of those documents as well.

On July 9, 2012, the Court's order to show cause was deemed absolute. Petitioner was also ordered to submit any legal or factual arguments in support of her position by July 18, 2012.  On July 18, 2012, petitioner filed a response thereto, submitting another document that referenced no relevant facts or law.

[*4] information reported by the aforementioned third-party payers.  See sec.

6020(b).  On the basis of that SFR respondent issued to petitioner a notice of

deficiency.  Attached to the notice of deficiency was Form 4549, Income Tax

Examination Changes, on which respondent indicated that petitioner had received

income and had had Federal income tax withheld as follows:

| Type of income | Amount | Income tax withheld |
|---|---|---|
| Wages | $20,721 | $252 |
| Retirement distribution | 6,600 | -0- |
| Total | 27,321 | 252 |

Respondent also determined additions to tax pursuant to section 6651(a)(1) and

(2) of $621.68 and $290.12, respectively.  Respondent later conceded the section

6651(a)(2) addition to tax.

OPINION

I.  Burden of Proof

As a general rule, the Commissioner's determination of a taxpayer's liability

in the notice of deficiency is presumed correct, and the taxpayer bears the burden

of proving that the determination is improper.  See Rule 142(a); Welch v.

Helvering, 290 U.S. 111, 115 (1933).  On rare occasions this Court has recognized

[**\*5**] an exception to these rules in cases involving unreported income where the Commissioner introduces no substantive evidence but relies solely on the presumption of correctness. Jackson v. Commissioner, 73 T.C. 394, 401 (1979). In such cases, if the taxpayers challenge the notice of deficiency on the ground that it is arbitrary, then the determination is treated as a "naked" assessment and the presumption of correctness does not attach.[3] Id. However, this is a limited exception, and it does not apply when the Commissioner has provided a minimal evidentiary foundation. Petzoldt v. Commissioner, 92 T.C. 661, 687-688 (1989); Fankhanel v. Commissioner, T.C. Memo. 1998-403, 1998 Tax Ct. Memo LEXIS 424, aff'd without published opinion, 205 F.3d 1333 (4th Cir. 2000).[4]

---

[3]Additionally, if a taxpayer asserts a reasonable dispute with respect to any item of income reported on an information return filed with the Secretary by a third party and the taxpayer has fully cooperated with the Secretary, the Secretary shall have the burden of producing reasonable and probative information concerning the deficiency in addition to that information return. Sec. 6201(d). As discussed further infra, petitioner has not asserted a "reasonable dispute" in this case, rendering the aforementioned section inapplicable. See, e.g., Parker v. Commissioner, T.C. Memo. 2012-66, 2012 Tax Ct. Memo LEXIS 62, at \*8; Cook v. Commissioner, T.C. Memo. 2010-137, 2010 Tax Ct. Memo LEXIS 173, at \*8.

[4]This exception to the presumption of correctness afforded to the Commissioner's determinations has been widely accepted among the Courts of Appeals. See e.g., Blohm v. Commissioner, 994 F.2d 1542, 1549 (11th Cir. 1993), aff'g T.C. Memo. 1991-636; Dodge v. Commissioner, 981 F.2d 350, 353 (8th Cir. 1992), aff'g in part, rev'g in part 96 T.C. 72 (1991); United States v. Walton, 909 F.2d 915, 919 (6th Cir. 1990); Ruth v. United States, 823 F.2d 1091, 1094 (7th Cir.

(continued...)

**[*6]**   Once the Commissioner produces evidence linking the taxpayer with an income-producing activity, the burden shifts to the taxpayer "to rebut the presumption of correctness of respondent's deficiency determination by establishing by a preponderance of the evidence that the deficiency determination is arbitrary or erroneous."  Petzoldt v. Commissioner, 92 T.C. at 689; see also Hardy v. Commissioner, 181 F.3d 1002, 1004 (9th Cir. 1999), aff'g T.C. Memo. 1997-97.

Respondent has introduced several relevant documents, including:  (1) an IRS Certificate of Official Record and Tax Return Transcript indicating that petitioner did not file a tax return for 2008; (2) a copy of petitioner's 2008 statutory notice of deficiency and corresponding Form 4549; (3) an IRS Certificate

---

4(...continued)
1987); Llorente v. Commissioner, 649 F.2d 152, 156 (2d Cir. 1981), aff'g in part, rev'g in part 74 T.C. 260 (1980); Weimerskirch v. Commissioner, 596 F.2d 358, 362 (9th Cir. 1979), rev'g 67 T.C. 672 (1977).

However, the Court of Appeals for the Fourth Circuit, the court to which an appeal in this case would lie, while recognizing the prerequisite evidentiary foundation requirement for the Commissioner espoused in other circuits in unreported income cases, has not had the occasion to expressly adopt or reject it. See Williams v. Commissioner, 999 F.2d 760, 763-764 (4th Cir. 1993), aff'g T.C. Memo. 1992-153.  Accordingly, we will apply the rule we stated in Jackson v. Commissioner, 73 T.C. 394, 401 (1979), which has been approved by the majority of the Courts of Appeals.  See Golsen v. Commissioner, 54 T.C. 742, 757 (1970), aff'd, 445 F.2d 985 (10th Cir. 1971).

**[*7]** of Official Record and Wage and Income Transcript for petitioner's 2008 taxable year; (4) a 2008 Form W-2, Wage and Tax Statement, issued to petitioner by Country Gourmet, Ltd., as well as authenticated pay stub records of Country Gourmet, Ltd., for wages paid to petitioner in 2008; and (5) a 2008 Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., issued to petitioner by Merrill Lynch as custodian.  We find that the submitted evidence clearly suffices to establish the requisite minimal evidentiary foundation linking petitioner with the income-producing activities for 2008.  Accordingly, petitioner bears the burden of proof.  See, e.g., Banister v. Commissioner, T.C. Memo. 2008-201, 2008 Tax Ct. Memo LEXIS 197, at *5 (holding that a notice of deficiency indicating that third-party payers paid the taxpayer specific amounts in question satisfied the minimal evidentiary burden even though direct evidence was not in the record), aff'd, 418 Fed. Appx. 637 (9th Cir. 2011).

II.  Gross Income

Section 61(a)(1) defines gross income as all income from whatever source derived, including compensation for services, such as wages, salaries, and bonuses.  See also sec. 1.61-2(a)(1), Income Tax Regs.  Gross income also includes income from pensions.  Sec. 61(a)(11).  Respondent has established that

**[\*8]** petitioner was paid $20,721.22 in wages by Country Gourmet, Ltd., in 2008 and received a retirement plan distribution of $6,600 from Merrill Lynch, as custodian, in the same year.

Petitioner does not substantively refute these points but rather contends that she was not given sufficient information concerning the procedures by which her deficiency was determined. Further, she asserts that respondent is not authorized to determine her tax liability. These "tax protester"[5] arguments are without merit and lack factual and legal foundation. "[W]e are not obligated to exhaustively review and rebut petitioner's misguided contentions." See Sanders v. Commissioner, T.C. Memo. 1997-452, 1997 Tax Ct. Memo LEXIS 536, at \*13; see also Wnuck v. Commissioner, 136 T.C. 498, 513 (2011) ("[L]itigants who present frivolous arguments should not expect to see them answered in opinions of this Court."). We need not "refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). Accordingly, we sustain respondent's deficiency determination.

---

[5]Persons who make frivolous antitax arguments are often referred to as "tax protesters". Wnuck v. Commissioner, 136 T.C. 498, 502 n.2 (2011).

**[*9]** III.  <u>Additions to Tax</u>

    A.  <u>Burden of Proof</u>

Pursuant to section 7491(c), the Commissioner bears the initial burden of producing sufficient evidence that it is appropriate to impose the additions to tax under section 6651(a)(1).  <u>See also</u> <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446-447 (2001).  Where the Commissioner meets this evidentiary burden, the burden of proof shifts to the taxpayer to show that the additions are improper.  <u>See</u> <u>id.</u> at 447.

    B.  <u>Section 6651(a)(1)</u>

As a general rule, "any person made liable for any tax * * * shall make a return or statement according to the forms and regulations prescribed by the Secretary."  Sec. 6011(a).  Section 6651(a)(1), in the case of a failure to file a return on time, imposes an addition to tax of 5% of the tax required to be shown on the return for each month or fraction thereof for which there is a failure to file, not to exceed 25% in the aggregate.  The penalty will not apply if it is shown that such failure is due to reasonable cause and not due to willful neglect.  Sec. 6651(a)(1).

Petitioner did not timely file a tax return for 2008.  Respondent has thus met his burden of production.  <u>See</u> <u>Wheeler v. Commissioner</u>, 127 T.C. 200, 207-208

**[\*10]** (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008).  Petitioner has not presented any evidence that her failure to file was due to reasonable cause and not willful neglect.  Accordingly, we sustain the addition to tax under section 6651(a)(1).

IV.  Sanctions

Respondent has moved that the Court impose a penalty against petitioner pursuant to section 6673.  Section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 when it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in the proceeding is frivolous or groundless.  See also Burke v. Commissioner, 124 T.C. 189, 197 (2005).

Petitioner's arguments are manifestly frivolous.  Indeed, petitioner submitted several voluminous, irrelevant documents to the Court notwithstanding respondent's repeated efforts to apprise her of the legal futility of her assertions therein.  At trial this Court called to petitioner's attention one such motion where a different person was named as petitioner.  When given the opportunity to reconcile this discrepancy in Court, petitioner equivocated, indicating that her husband had drafted the document in question.

It appears that petitioner copied the substance of her documents from the Internet and failed to change the offending names to her own.  We have previously

**[*11]** indicated that this "cut-and-paste" approach is of nugatory value and that taxpayers should be forewarned of the consequences of pursuing such action. See Wnuck v. Commissioner, 136 T.C. at 502-503 ("Frivolous anti-tax arguments are often obviously downloaded from the Internet; and by cut-and-paste word processing functions, these arguments are easily plunked into a party's filing. * * * For all a court can tell, the litigant may not even have carefully read the arguments he submits.").

Nonetheless, it appears that this is petitioner's first time in Federal court. In the exercise of our discretion, we shall not impose a section 6673 penalty at this time, but we sternly warn petitioner that we will likely impose this penalty if she returns to this Court and makes similar arguments in the future.

## V. Conclusion

In accord with the aforementioned discussion, we will sustain respondent's determination of a deficiency and an addition to tax under section 6651(a)(1). We will, however, deny respondent's motion for penalty pursuant to section 6673.

To reflect the foregoing,

An appropriate order and decision will be entered.