T.C. Memo. 2008-201

UNITED STATES TAX COURT

JOSEPH R. BANISTER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1356-06.                    Filed August 27, 2008.

        P failed to report certain interest and distribution
income that he received in 2002.  R determined a deficiency
and additions to tax pursuant to secs. 6651(a)(1) and (2)
and 6654(a), I.R.C.

        <u>Held</u>: P is liable for the deficiency and the addition
to tax pursuant to sec. 6651(a)(1), I.R.C.  P is not liable
for the additions to tax pursuant to secs. 6651(a)(2) and
6654(a), I.R.C.

Joseph R. Banister, pro se.

<u>David Sorensen</u> and <u>Wesley J. Wong</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, Judge:  This case is before the Court on a petition for redetermination of an alleged $4,551 deficiency in Federal income tax and additions to tax that respondent determined for petitioner's 2002 tax year.  Respondent conceded before trial that petitioner is not liable for an addition to tax under section 6651(a)(2).[1]  The issues remaining for decision are:

(1) Whether petitioner was required to include in his 2002 taxable income a $23,325 distribution from a qualified retirement plan and $387 of interest income;

(2) whether petitioner is liable for the 10-percent additional tax under section 72(t) on an early distribution from a qualified retirement plan;

(3) whether petitioner is liable under section 6651(a)(1) for a $1,023.97 addition to tax; and

(4) whether petitioner is liable under section 6654(a) for a $152.05 addition to tax.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts and accompanying exhibits are hereby incorporated by reference into our findings.  Using third-party payer

---

[1]All section references are to the Internal Revenue Code of 1986, as amended and in effect for the tax year at issue.  The Rule references are to the Tax Court Rules of Practice and Procedure.

information, respondent concluded that petitioner had received a $23,325 distribution from an individual retirement account (IRA) and $387 of interest income. Respondent issued the notice of deficiency on October 17, 2005. Petitioner filed a timely petition with this Court on January 17, 2006, and filed an amended petition on March 9, 2006. Petitioner resided in Nevada when he filed the petition and the amended petition. A trial was held on November 6, 2007, in Reno, Nevada.

OPINION

I. Whether Petitioner Had Unreported Income

Generally, the Commissioner's determination of a deficiency is presumed correct, and the taxpayer has the burden of proving it wrong. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In unreported income cases, however, the presumption of correctness does not attach unless the Commissioner first establishes a minimal evidentiary foundation for the deficiency. See Weimerskirch v. Commissioner, 596 F.2d 358, 360-362 (9th Cir. 1979), revg. 67 T.C. 672 (1977).

In Weimerskirch, the Court of Appeals for the Ninth Circuit imposed the evidentiary foundation requirement in light of the Commissioner's unsupported assertion that the taxpayer had earned $30,000 selling illegal drugs. Id. at 362. The Commissioner sought to include that amount in the taxpayer's income but did not present any evidence linking the taxpayer to the illegal

sales or reflecting the amount of proceeds the taxpayer actually received.  Id. at 361-362.  The Court of Appeals refused to allow the presumption of correctness to attach, emphasizing the unfairness that would result if the Commissioner were allowed to affix the prejudicial label of drug dealer on the taxpayer without any evidence to support it.  Id. at 362.

This is not to say that the requirement in Weimerskirch is difficult to satisfy.  The requisite evidentiary foundation is indeed minimal and need not include direct evidence linking the taxpayer to an income-producing activity.  See Rapp v. Commissioner, 774 F.2d 932, 935 (9th Cir. 1985); Curtis v. Commissioner, T.C. Memo. 2001-308, affd. in part and revd. on another issue 73 Fed. Appx. 200 (9th Cir. 2003).

In Rapp, the Court of Appeals held that the Commissioner had satisfactorily linked the taxpayers to income-producing activities--including employment, the sale of their home, and involvement with a business--where the record contained only the notices of deficiency, summonses to banks and other third parties, and other documents prepared by the Commissioner.  Rapp v. Commissioner, supra at 935.  That evidence suggested that the Commissioner possessed direct evidence linking the taxpayer to the income-producing activities even if that direct evidence was not itself in the record.  Id.

Further, the taxpayers did not dispute their alleged connection to the income-producing activities and argued only that the Commissioner did not consider "legitimate and proper deductions." Id. The Court of Appeals concluded that the link between the taxpayers and the income-producing activity had been "sufficiently acknowledged to permit the presumption of correctness to attach to the Commissioner's determination." Id.

Assuming Weimerskirch applies in this case despite the fact that petitioner's alleged income was not derived from an illegal activity,[2] we conclude that respondent has established a minimal evidentiary foundation linking petitioner with the IRA distribution and interest income at issue. Specifically, the notice of deficiency indicates that the third-party payers paid petitioner the amounts in question and reported those payments to respondent. Although direct evidence of the payments is not in the record, the notice of deficiency alone suggests, as in Rapp and Curtis, that respondent possessed such evidence.

---

[2]It appears that the Court of Appeals has extended its holding in Weimerskirch v. Commissioner, 596 F.2d 358, 360-362 (9th Cir. 1979), revg. 67 T.C. 672 (1977), to cases involving income derived from legal activities. See Palmer v. IRS, 116 F.3d 1309, 1313 (9th Cir. 1997); Rapp v. Commissioner, 774 F.2d 932, 935 (9th Cir. 1985). But see Hardy v. Commissioner, 181 F.3d 1002, 1005 (9th Cir. 1999) ("But even if we were to extend Weimerskirch to all unreported income cases as the Third and Fifth Circuits have done, the exception only applies when the Commissioner has failed to provide any evidentiary foundation for the deficiency notice."), affg. T.C. Memo 1997-97.

In addition, petitioner does not deny receiving the income and instead argues that respondent "failed to recognize, determine and/or make allowance for Petitioner expenses, losses and deductions, and exclusions (both business and non-business)." We view that position as an implicit acknowledgment that he received at least some income during his 2002 tax year.  See Rapp v. Commissioner, supra at 935; Curtis v. Commissioner, supra ("Also, as in Rapp, petitioner challenged the amount of related deductions respondent had allowed her, which we view as an implicit acknowledgment of the existence of the income-producing property.").  Accordingly, we conclude that respondent has established a minimal evidentiary foundation and that the presumption of correctness may therefore attach to respondent's deficiency determination.  See Rapp v. Commissioner, supra at 935; Weimerskirch v. Commissioner, supra at 361-362.

Petitioner argues that the presumption should not attach because respondent's concession as to the section 6651(a)(2) addition to tax was an admission of error that casts doubt over the entire notice of deficiency.  We disagree.  See Avery v. Commissioner, T.C. Memo. 2007-60 n.9 (stating that Commissioner's concession of section 6651(a)(2) addition to tax did not invalidate notice of deficiency).

Petitioner thus has the burden to prove that the deficiency was arbitrary or erroneous.  See Hardy v. Commissioner, 181 F.3d

1002, 1004 (9th Cir. 1999), affg. T.C. Memo. 1997-97. He advances three arguments in an attempt to meet that burden.[3] He argues that respondent (1) denied him proper due process--including an Appeals conference--before issuing the notice of deficiency; (2) denied him a proper notice of deficiency "based upon a true 'Deficiency'"; and (3) determined the deficiency incorrectly by failing to consider his "expenses, losses and deductions, and exclusions (both business and non-business)."

These arguments are unavailing. First, we note that "The providing of a conference before the Appellate Division of the Internal Revenue Service is not essential to the validity of a notice of deficiency." Cupp v. Commissioner, 65 T.C. 68, 83 (1975), affd. without published opinion 559 F.2d 1207 (3d Cir. 1977). More generally and with respect to petitioner's second argument, the Court will not look behind a notice of deficiency to question the Commissioner's procedures leading to the determination of a deficiency. See Kantor v. Commissioner, 998 F.2d 1514, 1521 (9th Cir. 1993), affg. in part and revg. in part on another ground T.C. Memo. 1990-380. Here, respondent determined a deficiency and issued notice of that deficiency to petitioner in accordance with applicable law. See secs. 6212,

---

[3]Although sec. 7491(a) may shift the burden of proof to the Commissioner in specified circumstances, petitioner did not satisfy the prerequisites under sec. 7491(a)(1) and (2) for such a shift.

7522.  Petitioner has not provided any evidence to the contrary.
With respect to his final argument, petitioner has provided no
evidence of any losses, deductions, or other items that might
affect respondent's deficiency determination.  See Rapp v.
Commissioner, 774 F.2d at 935 ("The taxpayer has the burden of
proof to substantiate claimed deductions.").  Accordingly, we
conclude that petitioner has failed to prove that respondent's
determination of unreported taxable income was arbitrary or
erroneous.

In addition, we conclude that petitioner is liable for the
10-percent additional tax imposed by section 72(t) on early
distributions from qualified retirement plans, including IRAs.
See secs. 408(a), 4974(c).  Although section 72(t) provides
exceptions to the additional tax, petitioner has the burden to
show that an exception applies, and he has not done so.  See
Bunney v. Commissioner, 114 T.C. 259, 265-266 (2000).
Accordingly, we sustain respondent's deficiency determination.

II.  Additions to Tax

Respondent determined that petitioner was liable for
additions to tax under sections 6651(a)(1) and 6654(a).  Pursuant
to section 7491(c), respondent has the burden of production with
respect to these additions to tax and is therefore required to
"come forward with sufficient evidence indicating that it is
appropriate to impose the relevant penalty."  See Higbee v.

<u>Commissioner</u>, 116 T.C. 438, 446 (2001).  Although respondent would have been relieved of that burden if petitioner had failed to assign error to the additions to tax, we cannot conclude that petitioner failed to do so.  See <u>Wheeler v. Commissioner</u>, 127 T.C. 200, 206-207 (2006), affd. 521 F.3d 1289 (10th Cir. 2008).

Section 6651(a)(1) imposes an addition to tax for failure to file a timely return unless the taxpayer proves that such failure is due to reasonable cause and not willful neglect.  See <u>United States v. Boyle</u>, 469 U.S. 241, 245 (1985).  Petitioner appears to concede that he did not file a return.  In his petition, he asserts that he sent the Internal Revenue Service a December 27, 2004, letter "stating why he believed he was not required to file a return" for his 2002 tax year.  Moreover, petitioner has not presented any evidence to suggest that his failure to file was due to reasonable cause.  Accordingly, we shall sustain respondent's imposition of the addition to tax under section 6651(a)(1).

Section 6654(a) imposes an addition to tax on individual taxpayers who underpay their estimated income tax.  The Commissioner's burden of production under section 7491(c) with respect to that addition to tax requires the Commissioner, at a minimum, to produce evidence that a taxpayer was required to make an annual payment under section 6654(d)(1)(B).  See <u>Wheeler v. Commissioner</u>, <u>supra</u> at 211.  The amount of any required annual

payment is the lesser of (1) 90 percent of the tax shown on the individual's return for the year or, if no return is filed, 90 percent of his or her tax for such year, or (2) if the individual filed a return for the immediately preceding tax year, a fixed percentage of the tax shown on that return. Sec. 6654(d)(1)(B). When, as here, the Commissioner fails to introduce evidence showing whether a taxpayer filed a return for the preceding tax year and, if so, the amount of tax shown on that return, the Commissioner has not satisfied the burden of production because it is impossible to determine whether the taxpayer had a required annual payment under section 6654(d)(1)(B). See Wheeler v. Commissioner, supra at 211-212. As a result, petitioner is not liable for the addition to tax pursuant to section 6654(a) for his 2002 tax year. See id. at 212.

The Court has considered all of petitioner's contentions, arguments, requests, and statements. To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing and concessions made by the parties,

Decision will be entered

under Rule 155.