T.C. Memo. 2012-129

UNITED STATES TAX COURT

ROBERTO REYES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24522-10.                    Filed May 3, 2012.

After R determined P had received income in 2007 which he
failed to report, R issued a notice of deficiency determining a
deficiency in income tax as well as additions to tax under I.R.C. secs.
6651(a)(1) and (2) and 6654(a).

Held: R's determinations are sustained.

Roberto Reyes, pro se.

<u>Linette B. Angelastro</u> and <u>Jordan S. Musen</u>, for respondent.

## MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, <u>Judge</u>:  This case is before the Court on a petition for redetermination of an income tax deficiency of $6,670 and additions to tax under sections 6651(a)(1) and (2) and 6654(a) of $1,473.75, $851.50, and $297.52, respectively, that respondent determined for petitioner's 2007 tax year.[1]  The issues for decision are (1) whether petitioner had gross income in 2007 consisting of $48,368.08 of wage income, $900 of nonemployee compensation, $37 of dividends, and $2 of capital gain and (2) whether petitioner is liable for additions to tax pursuant to sections 6651(a)(1) and (2) and 6654(a).

## FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulations, with the accompanying exhibits, are incorporated herein by this reference.  At the time his petition was filed, petitioner resided in California.

In the 2007 tax year petitioner received:  (1) $48,368.08 in wage income from American Medical Response of Southern California (AMR); (2) $900 of nonemployee compensation from the City of Santa Paula, California; and (3) $37 of

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

dividends and $2 in capital gain income from A.G. Edwards. AMR withheld Federal income tax of only $120.72 from petitioner's wages during 2007, and he did not make estimated tax payments for 2007.

Petitioner failed to file a 2007 tax return. Petitioner is an habitual nonfiler who also failed to file a tax return for 2006. After petitioner failed to respond to respondent's request that he file a 2007 tax return, respondent, pursuant to the direction and authority specified in section 6020(b)(1), prepared a substitute for return.

Respondent issued a notice of deficiency dated August 2, 2010, determining a deficiency in income tax of $6,670, a section 6651(a)(1) addition to tax of $1,473.75, a section 6651(a)(2) addition to tax of $851.50, and a section 6654(a) addition to tax of $297.52. Petitioner timely petitioned this Court on November 5, 2010. Trial was held on December 5, 2011, in Los Angeles, California. At trial we set a due date for opening briefs of February 21, 2012, and for reply briefs of April 3, 2012. Petitioner has failed to file either. However, on February 27, 2012, petitioner filed a motion for summary judgment. At trial and in his motion for summary judgment, petitioner never disputed receiving the income that respondent determined he received in 2007. Rather, his argument appears to be that both the substitute for return and the notice of deficiency were prepared by people who

lacked the authority to do so.  On April 3, 2012, we denied petitioner's motion for summary judgment.

OPINION

## I.   Burden of Proof

As a general rule, the Commissioner's determination of a taxpayer's liability in the notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is improper.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  However, in unreported income cases, the Court of Appeals for the Ninth Circuit has held that the presumption of correctness does not attach unless the Commissioner first establishes an evidentiary foundation linking the taxpayer to the alleged income-producing activity.  See Weimerskirch v. Commissioner, 596 F.2d 358, 360-362 (9th Cir. 1979), rev'g 67 T.C. 672 (1977). The requisite evidentiary foundation is minimal and need not include direct evidence.  See Banister v. Commissioner, T.C. Memo. 2008-201, aff'd, 418 Fed. Appx. 637 (9th Cir. 2011); Curtis v. Commissioner, T.C. Memo. 2001-308, aff'd in part and rev'd on another issue, 73 Fed. Appx. 200 (9th Cir. 2003).

> The Ninth Circuit has made it clear * * * that once the Government has carried its initial burden of introducing some substantive evidence linking the taxpayer with income-producing activity, the taxpayer has the burden to rebut

the presumption of correctness of respondent's deficiency determination by establishing by a preponderance of the evidence that the deficiency determination is arbitrary or erroneous. * * *

Petzoldt v. Commissioner, 92 T.C. 661, 689 (1989); see also Hardy v. Commissioner, 181 F.3d 1002, 1004 (9th Cir. 1999), aff'g T.C. Memo. 1997-97; Rapp v. Commissioner, 774 F.2d 932, 935 (9th Cir. 1985).

Respondent has established the necessary evidentiary foundation by introducing evidence of third-party information reporting forms showing petitioner received income in 2007 and the amount of such income; therefore, petitioner bears the burden of proof. See Banister v. Commissioner, T.C. Memo. 2008-201 (holding that information from third-party payors that they had paid the taxpayer was enough to meet the minimal evidentiary burden even though direct evidence was not in the record).

II.    Whether Petitioner Is Liable for an Income Tax Deficiency

Gross income includes "all income from whatever source derived". Sec. 61(a). Section 61(a) specifically includes in gross income compensation for services, dividends, and capital gains. Sec. 61(a)(1), (2), (3), (7). Petitioner does not dispute receiving wage income, nonemployee compensation, dividends, or capital gain in 2007. In fact, he carefully avoids denying receipt of income, responding to this Court's statement that "Either you got the money or you didn't

get it" with the vague statement about respondent's authority: "Well, it's a question of the deficiency, and, you know, the facts in that, what did they rely on, and was he qualified".[2]

Petitioner's entire argument appears to be that no authority existed allowing respondent to prepare a substitute for return or to issue a notice of deficiency. However, petitioner presented no evidence that respondent lacked authority, and this Court cannot ascertain any such evidence on our own.[3] Petitioner received income that he failed to report and is liable for income taxes on that income. Accordingly, we sustain respondent's determination on this issue.

III.    Additions to Tax

Respondent bears the burden of production with regard to the additions to tax. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). To

---

[2]By failing to dispute respondent's argument that he received unreported income, petitioner has conceded the issue. See Levin v. Commissioner, 87 T.C. 698, 722-723 (1986) (citing Rule 142(a) for the proposition that because "petitioners have made no argument with respect to * * * deductions claimed * * * [, they] are deemed to have conceded their nondeductibility"), aff'd, 832 F.2d 403 (7th Cir. 1987).

[3]As noted previously, the Commissioner is authorized and directed by sec. 6020(b)(1) in situations like the one present to file a substitute for the taxpayer's Federal income tax return, and by sec. 6212 to issue a notice of deficiency. See also Hartman v. Commissioner, 65 T.C. 542, 546 (1975) ("Obviously, the fact that petitioner failed to file a return will not insulate him from a determination by the Commissioner that a tax is due and owing and a civil proceeding based thereon.").

meet this burden, respondent must produce sufficient evidence establishing that it is appropriate to impose the additions to tax. See Higbee v. Commissioner, 116 T.C. at 446. However, respondent does not have to produce evidence of substantial authority, lack of reasonable cause, or lack of willful neglect. See id. at 447; Davis v. Commissioner, 81 T.C. 806, 820 (1983), aff'd without published opinion, 767 F.2d 931 (9th Cir. 1985).

A. Section 6651(a)(1)

As a general rule, "any person made liable for any tax * * * shall make a return or statement according to the forms and regulations prescribed by the Secretary." Sec. 6011(a). Section 6651(a)(1), in the case of a failure to file a return on time, imposes an addition to tax of 5% of the tax required to be shown on the return for each month or fraction thereof for which there is a failure to file, not to exceed 25% in the aggregate.[4] The penalty will not apply if it is shown that such failure is due to reasonable cause and not due to willful neglect. Sec. 6651(a)(1).

Petitioner did not timely file his 2007 tax return. Respondent has thus met his burden of production. See Wheeler v. Commissioner, 127 T.C. 200, 207-208

---

[4]The sec. 6651(a)(1) addition to tax is reduced by the amount of the sec. 6651(a)(2) addition to tax for any month (or fraction thereof) to which an addition to tax applies under both sec. 6651(a)(1) and (2). See sec. 6651(c)(1).

(2006), aff'd, 521 F.3d 1289 (10th Cir. 2008). Petitioner has not presented any evidence that his failure to file was due to reasonable cause and not willful neglect. Accordingly, we sustain the addition to tax under section 6651(a)(1) for petitioner's 2007 tax year.

B.  Section 6651(a)(2)

Section 6651(a)(2) provides for an addition to tax of 0.5% per month up to 25% for failure to pay the amount shown on a return unless it is shown that the failure is due to reasonable cause and not due to willful neglect.  The section 6651(a)(2) addition to tax applies only when an amount of tax is shown on a return. Cabirac v. Commissioner, 120 T.C. 163, 170 (2003).  Petitioner did not file a 2007 return.  However, respondent prepared a substitute for return under section 6020(b) for 2007.  A proper return made by the Secretary under section 6020(b) is treated as the return filed by the taxpayer for purposes of determining whether the section 6651(a)(2) addition to tax applies.  Sec. 6651(g)(2);  Wheeler v. Commissioner, 127 T.C. at 208-209.

Where the taxpayer did not file a valid return, to satisfy his burden of production for the section 6651(a)(2) addition to tax the Commissioner must introduce evidence that he prepared a substitute for return satisfying the requirements under section 6020(b). Wheeler v. Commissioner, 127 T.C. at 209.

Respondent satisfied this burden by introducing into evidence Form 13496, IRC Section 6020(b) Certification, for petitioner's 2007 tax year. See Oman v. Commissioner, T.C. Memo. 2010-276; see also Asbury v. Commissioner, T.C. Memo. 2011-107. Petitioner has not presented any evidence that his failure to pay was due to reasonable cause and not willful neglect. Accordingly, we sustain the addition to tax under section 6651(a)(2) for petitioner's 2007 tax year.

C.    Section 6654

Section 6654(a) imposes an addition to tax where prepayments of tax, either through withholding or by making estimated quarterly tax payments during the course of the year, do not equal the percentage of total liability required under the statute. However, the addition to tax will not apply if one of the several statutory exemptions applies. See Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980).

The section 6654(a) addition to tax is calculated by applying the section 6621 underpayment interest rate to the amount of each underpayment from the due date of each installment until April 15 following the close of the taxable year (for calendar year taxpayers). Sec. 6654(a), (b)(2). The amount of each underpayment is the amount of "the required installment" less "the amount (if any) of the installment paid on or before the due date for the installment." Sec. 6654(b)(1). The "required installment" is due at four times during the year and is 25% of the "required annual

payment." Sec. 6654(c)(1), (d)(1)(A). For individual taxpayers whose adjusted gross income for the taxable year is $150,000 or less, a "required annual payment" is equal to

> the lesser of--
>
>> (i) 90 percent of the tax shown on the return for the taxable year (or, if no return is filed, 90 percent of the tax for such year), or
>>
>> (ii) 100 percent of the tax shown on the return of the individual for the preceding taxable year.
>
> Clause (ii) shall not apply if the preceding taxable year was not a taxable year of 12 months or if the individual did not file a return for such preceding taxable year.

Sec. 6654(d)(1)(B) and (C). Unless a statutory exception applies, the section 6654(a) addition to tax is mandatory. Sec. 6654(a), (e); Recklitis v. Commissioner, 91 T.C. 874, 913 (1988). Section 6654 does not contain a general exception for reasonable cause or absence of willful neglect. Grosshandler v. Commissioner, 75 T.C. at 21.

To meet his burden of production with regard to the section 6654(a) addition to tax, respondent must at a minimum produce evidence necessary to enable the Court to conclude that petitioner had a required annual payment for 2007. See Wheeler v. Commissioner, 127 T.C. at 211. Petitioner did not file his 2006 tax return, had insufficient Federal income tax withheld by his employer for his 2007 tax

year, made no estimated tax payments for 2007, and does not qualify for any of the exceptions listed in section 6654(e).  Thus, respondent has met his burden of production establishing that petitioner had a required estimated tax payment for 2007.  Because petitioner failed to file a Federal income tax return for 2006, his required annual payment of estimated tax for 2007 was 90% of his tax for that year.  See id. at 211-212.  We sustain the addition to tax under section 6654(a) for petitioner's 2007 tax year.

IV.    Section 6673

Section 6673(a)(1) gives this Court discretion to "require the taxpayer to pay to the United States a penalty not in excess of $25,000" whenever it appears that:

> (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay,

> (B) the taxpayer's  position in such proceeding is frivolous or groundless, or

> (C) the taxpayer unreasonably failed to pursue available administrative remedies * * *

A position "is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).  Petitioner is a habitual nonfiler who has failed to

pay the taxes due on his income.  His unsupported argument that respondent lacked authority is frivolous and evidences an intent to delay the inevitable payment of taxes.

We will not penalize petitioner today.  But we caution him that if, in the future, he continues to raise frivolous arguments primarily for delay, we will.  It is "inappropriate that taxpayers who promptly pay their taxes should have the cost of Government and tax collection improperly increased by citizens apparently unwilling to obey the law or shoulder their assigned share of the Government cost." Burke v. Commissioner, 124 T.C. 189, 197 (2005).

The Court has considered all of petitioner's contentions, arguments, requests, and statements.  To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

Decision will be entered

for respondent.