T.C. Memo. 2012-196

UNITED STATES TAX COURT

DWIGHT T. GRANDY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26157-10.                    Filed July 16, 2012.

        After P failed to file valid or timely tax returns for the 2001 and 2003
through 2007 tax years, R prepared substitutes for returns under I.R.C. sec.
6020(b) and issued a notice of deficiency determining deficiencies in income
tax and additions to tax under I.R.C. sec. 6651(a)(1) and (2) for P's 2001 and
2003 through 2007 tax years.

        <u>Held</u>:  P is liable for the deficiencies in income tax and additions to tax
under I.R.C. sec. 6651(a)(1) and (2).

        <u>Held</u>, <u>further</u>, P is liable for an I.R.C. sec. 6673 penalty of $3,000.

Dwight T. Grandy, pro se.

<u>Sebastian Voth</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, Judge:  This case is before us on a petition for redetermination of income tax deficiencies and section 6651(a)(1) and (2) additions to tax respondent determined for petitioner's 2001 and 2003 through 2007 tax years.[1]  After concessions,[2] the issues for decision are:  (1) whether petitioner had unreported income during the years at issue; (2) whether petitioner is liable for additions to tax under section 6651(a)(1) for all years at issue; (3) whether petitioner is liable for additions to tax under section 6651(a)(2) for the 2001 and 2003 through 2006 tax years; and (4) whether a penalty under section 6673 should be imposed against petitioner.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Respondent conceded petitioner was not liable for tax on self-employment income of $1,976.00, $2,134.50, and $878.50 for the 2005, 2006, and 2007 tax years, respectively.  This is because, as discussed infra, respondent determined petitioner had self-employment income of $3,952, $4,269, and $1,757 for the 2005, 2006, and 2007 tax years, respectively, which was reported on respondent's substitutes for returns without attributing half to petitioner's wife pursuant to California community property law.  Respondent has conceded that this self-employment income should have been reduced by one-half under community property law.

Respondent also conceded petitioner was not liable for tax on $24.80 of other income for the 2006 tax year and $319.00 of wage income for the 2007 tax year and the sec. 6651(a)(2) addition to tax for the 2007 tax year.

FINDINGS OF FACT

Petitioner refused to cooperate with respondent or to stipulate any facts. While he claims he did "not have a residence", petitioner resided in California when he filed his petition.

Petitioner is a tax protester. Although often rambling and unclear, his arguments include that he is not a citizen of the United States, does not reside in a Federal area, is not an officer or employee of the Government, and therefore does not owe Federal income tax. He believes that "wages are not income".

Petitioner went so far as to sue the Internal Revenue Service (IRS) and many others, including the revenue agent who audited his returns in California State court. Because the description of his suit against the revenue agent is, at best, incoherent and implausible, we waste no time in trying to decipher petitioner's theory and simply quote it in part:

> Michael J. Cummings made, uttered or possesses a counterfeited security of a State or a political subdivision thereof or of an organization, or made, uttered, or possesses a forged security of a State or political subdivision thereof or of an organization, with intent to deceive. The counterfeited security is 'evidence of indebtedness' which, in a broad sense, may mean anything that is due and owing which would include a duty, obligation or right of action. No duty, obligation, or right of action exists against the plaintiffs' property. The defendant is aware that no duty, obligation, or right of action exists and is therefore intent on counterfeiting the security. * * * Michael J. Cummings has committed all the causes of action in this action at law.

> Michael J. Cummings was given notice of his unlawful and unauthorized activities. Michael J. Cummings was with knowledge and intent to commit the counterfeiting and other trespasses.

In whole petitioner lists what he refers to as 15 causes of action.

The revenue agent was not alone in incurring petitioner's wrath. Petitioner asserts that a list of individuals, including this judge, owe him $62,700,000. The basis for this assertion is that the named individuals, "working for foreign agents, have violated the original organic contract and compact known as the Constitution for the united states of America." But we now leave aside petitioner's tax-protester rhetoric and turn to the facts of this case.

During the years at issue petitioner was married to Deanna L. Grandy but did not file joint Federal income tax returns with her. Mrs. Grandy filed separate tax returns. Petitioner did not timely file a tax return for any year at issue.

Revenue Agent Michael Cummings was assigned to audit petitioner's returns. Petitioner met with Mr. Cummings on July 8, 2008, at which time he informed Mr. Cummings he had mailed his 2002 through 2007 tax returns on July 7, 2008. Petitioner's Forms 1040EZ, Income Tax Return for Single and Joint Filers With No Dependents, for the 2001 and 2003 through 2006 tax years, all dated July 1, 2008,

were received by the IRS on July 10, 2008.[3] Petitioner did not sign any of the submitted Forms 1040EZ under penalty of perjury. Attached to each Form 1040EZ was a "Signing Statement" on which petitioner asserted more frivolous arguments, including "The United States is located in the District of Columbia" and "Dwight Timothy Grandy does not spell his name in all CAPITOL [sic] letters or he is a corporate entity".

While petitioner reported wages on the Forms 1040EZ, albeit between brackets, he reported "0" taxes owed. He printed at the bottom of the first page of each Form 1040EZ "Corporate Excise Tax Return". His stated reason at the trial for reporting his wages between brackets was that "the United States has abandoned the constitutional money substance, gold and silver. They instead use credit hypothecated upon my work product, so it's a lien on the public socialist trust. So a lien by definition is a negative." His stated reason for writing "corporate excise tax return" on the Forms 1040EZ was "Because the congressional and Supreme Court caselaw states by defining income that it all stems from the 1909 corporate excise tax. It was reaffirmed after 1913 as a statutory extension of the corporate excise tax."

---

[3]We note the fact that petitioner informed Mr. Cummings he had mailed his 2002 through 2007 tax returns, yet this Court was provided with petitioner's submitted returns for only the 2001 and 2003 through 2006 tax years.

Respondent determined that the submitted Forms 1040EZ were not valid.[4] On May 24, 2010, Mr. Cummings prepared substitutes for returns pursuant to section 6020(b) for all the years at issue. The income reported on the substitutes for returns came from three sources.

The first source was petitioner's self-reported wages on the submitted Forms 1040EZ. The second source was taxable distributions from United Food and Commercial Workers Union and Food Employers Joint Trust Funds, which had provided Forms 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., to respondent showing petitioner's receipt of taxable income for the 2003, 2006, and 2007 tax years of $6,115.76, $1,224.20, and $7,345.20, respectively.

The third source was additional self-employment income Mr. Cummings determined petitioner had on the basis of a bank deposits analysis. To perform the bank deposits analysis, Mr. Cummings first summoned petitioner's bank records. Mr. Cummings discovered checks made payable to petitioner and Mrs. Grandy that

---

[4]This Court has identified a four-part test for determining whether a defective or incomplete return is valid: "First, there must be sufficient data to calculate tax liability; second, the document must purport to be a return; third, there must be an honest and reasonable attempt to satisfy the requirements of the tax law; and fourth, the taxpayer must execute the return under penalties of perjury." Beard v. Commissioner, 82 T.C. 766, 777 (1984), aff'd per curiam, 793 F.2d 139 (6th Cir. 1986).

they had deposited during the 2005, 2006, and 2007 tax years, respectively. Mr. Cummings looked at the information on each check and, if possible, made a phone call to the payor to find out why the payor was paying petitioner and Mrs. Grandy. On the basis of the information obtained, Mr. Cummings determined petitioner had self-employment income of $3,952, $4,269, and $1,757 for the 2005, 2006, and 2007 tax years, respectively. Additionally, pursuant to California community property law, with the exception of the self-employment income, Mr. Cummings attributed half of petitioner's income to Mrs. Grandy and half of her income to petitioner. See supra note 2.

Respondent issued a notice of deficiency dated August 27, 2010, determining the following deficiencies and section 6651(a)(1) and (2) additions to tax:

|  |  | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) |
| --- | --- | --- | --- |
| 2001 | $2,441 | $123.75 | $137.50 |
| 2003 | 981 | 98.00 | 24.50 |
| 2004 | 418 | 100.00 | 104.50 |
| 2005 | 2,252 | 501.53 | 557.25 |
| 2006 | 2,712 | 589.50 | 537.10 |
| 2007 | 976 | 219.60 | to be computed |

Petitioner timely petitioned this Court on November 24, 2010. Trial was held on December 8, 2011, in Los Angeles, California. At trial respondent orally requested the imposition of a section 6673 penalty.

Petitioner has never disputed receiving any of the income respondent determined he received, and both at trial and on brief continues to waste this Court's time by asserting groundless and frivolous tax-protester arguments.

OPINION

I.     Income Tax Deficiencies

A.  Burden of Proof

As a general rule, the Commissioner's determination of a taxpayer's liability in the notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is improper. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). However, in unreported income cases, the presumption of correctness does not attach unless the Commissioner first establishes an evidentiary foundation linking the taxpayer to the alleged income-producing activity. See Weimerskirch v. Commissioner, 596 F.2d 358, 360-362 (9th Cir. 1979), rev'g 67 T.C. 672 (1977). The requisite evidentiary foundation is minimal and need not include direct evidence. See Banister v. Commissioner, T.C. Memo. 2008-201, aff'd, 418 Fed. Appx. 637 (9th Cir. 2011).

Once the Commissioner produces evidence linking the taxpayer to an income-producing activity, the burden shifts to the taxpayer "to rebut the presumption of correctness of respondent's deficiency determination by establishing by a preponderance of the evidence that the deficiency determination is arbitrary or erroneous." Petzoldt v. Commissioner, 92 T.C. 661, 689 (1989); see also Hardy v. Commissioner, 181 F.3d 1002, 1004 (9th Cir. 1999), aff'g T.C. Memo. 1997-97.

Respondent has established the requisite minimal evidentiary foundation linking petitioner with an income-producing activity for all years in issue by the introduction of checks, Forms 1099-R, and the submitted Forms 1040EZ, as well as Mr. Cummings' testimony. Therefore, petitioner bears the burden of proving the deficiency determination arbitrary or erroneous. See Palmer v. IRS, 116 F.3d 1309, 1313 (9th Cir. 1997) (holding that the minimal evidentiary burden was met after the IRS investigated and uncovered evidence that the taxpayer had worked for wages in two years and was self-employed in others); Tokarski v. Commissioner, 87 T.C. 74, 77 (1986) (stating: "A bank deposit is prima facie evidence of income and respondent need not prove a likely source of that income."); Banister v. Commissioner, T.C. Memo. 2008-201 (holding that a notice of deficiency based on information from third-party payors that they paid the taxpayers was enough to meet

the minimal evidentiary burden even though direct evidence of payment was not in the record).

B.  Income Tax Deficiencies

Petitioner does not dispute receiving the income respondent determined he received.  Petitioner does not dispute that respondent's allocations under the community property rules were proper.  Petitioner does not dispute that some of the income received was self-employment income subject to the self-employment tax under section 1401.  Rather, petitioner spends his time arguing that he does not owe income tax on the basis of a myriad of tax-protester arguments.

Petitioner's arguments are without merit and lack factual and legal foundation, and "we are not obligated to exhaustively review and rebut petitioner's misguided contentions."  See Sanders v. Commissioner, T.C. Memo. 1997-452; see also Wnuck v. Commissioner, 136 T.C. 498, 513 (2011) ("[L]itigants who present frivolous arguments should not expect to see them answered in opinions of this Court.").  We will not "refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."

Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). Accordingly, we sustain the deficiency determinations.[5]

II.    Additions to Tax

A.  Burden of Proof

Respondent bears the burden of production with regard to the additions to tax. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). To meet this burden, respondent must produce sufficient evidence establishing that it is appropriate to impose the additions to tax. See Higbee v. Commissioner, 116 T.C. at 446. However, respondent does not have to produce evidence of substantial authority, lack of reasonable cause, or lack of willful neglect. See id. at 446-447.

B.  Section 6651(a)(1)

As a general rule, "any person made liable for any tax * * * shall make a return or statement according to the forms and regulations prescribed by the Secretary." Sec. 6011(a). Section 6651(a)(1), in the case of a failure to file a return on time, imposes an addition to tax of 5% of the tax required to be shown on the

---

[5]We recognize that in his petition, petitioner made a few arguments that might be considered legitimate, such as that the amount of income and tax respondent determined were incorrect. However, petitioner never introduced any evidence of this and, other than frivolous tax-protester rhetoric, did not further factually address it. Assignments of error raised in the pleadings and not addressed on brief are deemed conceded. Rule 151(e)(4) and (5); Petzoldt v. Commissioner, 92 T.C. 661, 683 (1989).

return for each month or fraction thereof for which there is a failure to file, not to exceed 25% in the aggregate.[6]  The penalty will not apply if it is shown that such failure is due to reasonable cause and not due to willful neglect.  Sec. 6651(a)(1).

Petitioner did not timely file tax returns for the years at issue.  Respondent has thus met his burden of production.  See Wheeler v. Commissioner, 127 T.C. 200, 207-208 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008).  Petitioner has not presented any evidence that his failure to file was due to reasonable cause and not willful neglect.  Accordingly, we sustain the additions to tax under section 6651(a)(1).

C.  Section 6651(a)(2)

Section 6651(a)(2) provides for an addition to tax of 0.5% per month up to 25% for failure to pay the amount shown on a return unless it is shown that the failure is due to reasonable cause and not due to willful neglect.  The section 6651(a)(2) addition to tax applies only when an amount of tax is shown on a return.  Cabirac v. Commissioner, 120 T.C. 163, 170 (2003).  Petitioner did not file valid tax returns, and respondent prepared substitutes for returns under section 6020(b) for all years at

_____

[6]The sec. 6651(a)(1) addition to tax is reduced by the amount of the sec. 6651(a)(2) addition to tax for any month (or fraction thereof) to which an addition to tax applies under both sec. 6651(a)(1) and (2).  See sec. 6651(c)(1).

issue.[7]  A proper return made by the Secretary under section 6020(b) is treated as the return filed by the taxpayer for purposes of determining whether the section 6651(a)(2) addition to tax applies.  Sec. 6651(g)(2);  Wheeler v. Commissioner, 127 T.C. at 208-209.

Where the taxpayer did not file a valid return, to satisfy his burden of production for the section 6651(a)(2) addition to tax the Commissioner must introduce evidence that he prepared a substitute for return satisfying the requirements under section 6020(b).  Wheeler v. Commissioner, 127 T.C. at 209.  Respondent satisfied this burden by introducing into evidence Forms 13496, IRC Section 6020(b) Certification, for all years at issue.  See Oman v. Commissioner, T.C. Memo. 2010-276; see also Asbury v. Commissioner, T.C. Memo. 2011-107.  Petitioner has not presented any evidence that his failure to pay was due to reasonable cause and not willful neglect.  Accordingly, we sustain the additions to tax under section 6651(a)(2).

III.    Section 6673 Penalty

We believe petitioner's case to be appropriate for a section 6673 penalty. Section 6673(a)(1) authorizes this Court to impose a penalty not in excess of

---

[7]We recognize respondent has conceded the addition to tax under sec. 6651(a)(2) for petitioner's 2007 tax year.

$25,000 on a taxpayer for instituting or maintaining proceedings primarily for delay or in which the taxpayer's position is frivolous or groundless. A position "is 'frivolous' where it is 'contrary to established law and unsupported by a reasoned, colorable argument for change in the law'." Williams v. Commissioner, 114 T.C. 136, 144 (2000) (quoting Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986)).

This Court has stated numerous times that tax-protester arguments such as petitioner's are frivolous and warrant the imposition of a section 6673 penalty. For example, in Martin v. Commissioner, T.C. Memo. 1990-560, the taxpayer alleged that "as a citizen resident of the State of California, it would be constitutionally impermissible to exact a tax from him on income earned within the United States". This Court rejected the taxpayer's claims and imposed an $8,000 section 6673 penalty.

Petitioner has been warned of the potential implication of a section 6673 penalty several times. In a letter dated November 17, 2011, respondent informed petitioner that "it is clear that you are making frivolous tax arguments" and warned him that if he continued to do so, respondent would request that this Court impose a section 6673 penalty. At the early morning calendar call on December 8, 2011, the

Court informed petitioner that his arguments were frivolous and if he continued to assert them, there was potential for a penalty.

We conclude that this case warrants the imposition of a section 6673 penalty and, therefore, impose a penalty of $3,000 to be paid to the United States. We consider it an abuse of our process that "Taxpayers with genuine controversies were delayed while we considered this case." Solomon v. Commissioner, T.C. Memo. 1993-509, aff'd without published opinion, 42 F.3d 1391 (7th Cir. 1994); see also Wnuck v. Commissioner, 136 T.C. at 514.

> Groundless litigation diverts the time and energies of judges from more serious claims; it imposes needless costs on other litigants. Once the legal system has resolved a claim, judges and lawyers must move on to other things. They cannot endlessly rehear stale arguments. Both appellants say that the penalties stifle their right to petition for redress of grievances. But there is no constitutional right to bring frivolous suits, see Bill Johnson's Restaurants, Inc. v. NLRB, 461 U.S. 731, 743, 103 S.Ct. 2161, 2170, 76 L.Ed.2d 277 (1983). People who wish to express displeasure with taxes must choose other forums, and there are many available. * * * [Coleman v. Commissioner, 791 F.2d at 72.]

We have exercised restraint in penalizing petitioner under section 6673. However, if petitioner insists on continuing his tax-protester rhetoric in this Court, we will be inclined to impose a significantly higher section 6673 penalty in the future.

The Court has considered all of petitioner's contentions, arguments, requests, and statements. To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.