T.C. Summary Opinion 2018-46

UNITED STATES TAX COURT

JIN MAN PARK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15418-16S.                         Filed September 24, 2018.

<u>John A. Clynch, Jr.</u>, for petitioner.

<u>Connor J. Moran</u> and <u>Melissa D. Lang</u>, for respondent.

SUMMARY OPINION

GERBER, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

Pursuant to section 7463(b), the decision to be entered is not reviewable by any

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $3,172 deficiency in petitioner's 2014 Federal income tax. The determination was based on petitioner's receipt of and failure to report $13,508.38 received from Bank of America (BOA) during 2014. The issue for our consideration is whether any part of the $13,508 was income to petitioner.

Background[2]

Petitioner resided in the State of Washington when his petition was timely filed. He emigrated from South Korea to the United States in 1988. He became a U.S. citizen around 1993 and joined the U.S. Army a couple of years later. After six years of active duty he joined the U.S. Army Reserve.

Petitioner purchased a house during 2008 and took out a first and second mortgage with BOA. Several BOA accounts were associated with these mortgages. Before taking out the mortgages, petitioner maintained a checking and savings account with BOA. In October 2011 petitioner's wife filed for divorce, and petitioner's wife and two children moved out of the home. Petitioner had fallen behind on the payment of his mortgages; however, beginning in May 2012

---

[2]Some of the facts are stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

he resumed payment of the principal and interest on the mortgages during his military deployment in Africa.

Petitioner, during 2014, received and cashed a $13,508.38 check from BOA's customer service. Included with the check was a letter stating that, "[b]ased on a recent review of your account, we may not have provided you with the level of service you deserve, and are providing you with this check." The letter further stated that petitioner might wish to consult with someone about any possible tax consequences of receiving the funds, included a number for petitioner to call if he had any questions, and concluded by thanking him for his military service. Petitioner called the phone number provided on several occasions, but he was unable to obtain any further information. Considering all the information available, petitioner concluded that he had overpaid his mortgages during the time of his overseas military deployment. Accordingly, he did not report any portion of the $13,508.38 on his 2014 Federal income tax return.

With regard to petitioner, respondent received a Form 1099-MISC, Miscellaneous Income, reporting other income of $12,789, and a Form 1099-INT, Interest Income, reporting interest income of $719 from BOA for the 2014 tax year. Because petitioner did not report those amounts on his return, respondent on June 6, 2016, issued a notice of deficiency determining that petitioner had failed to

report income from BOA. On July 1, 2016, petitioner timely filed a petition with this Court stating that his understanding was that the funds were not taxable income. Petitioner issued a subpoena to BOA for records related to the check. BOA responded via letter stating that "[t]he bank is unable to locate any accounts or records requested with the information provided."

Discussion

Petitioner contends that the BOA funds reported on the Forms 1099-MISC and 1099-INT were not income because they were a refund of overpayments he made on the principal of his mortgage accounts while he was deployed overseas. Respondent argues that petitioner has failed to provide any credible evidence showing that respondent's determination was incorrect.

Generally the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). In cases involving unreported income, the U.S. Court of Appeals for the Ninth Circuit has held that in order for the presumption of correctness to attach to the notice of deficiency it must be supported by "some evidentiary foundation" linking the taxpayer to the income-producing activity. See Weimerskirch v. Commissioner, 596 F.2d 358, 361-362 (9th Cir. 1979), rev'g 67 T.C. 672 (1977).

Respondent satisfied his burden by means of the Forms 1099 by which a third party reported to respondent that petitioner had received a payment. See Banister v. Commissioner, T.C. Memo. 2008-201, aff'd, 418 F. App'x 637 (9th Cir. 2011). Thus, petitioner must rebut the presumption by proving that all or part of those funds are not taxable income. See Tokarski v. Commissioner, 87 T.C. 74 (1986).

Gross income includes "all income from whatever source derived". Sec. 61(a). Payments that are "undeniable accessions to wealth, clearly realized, and over which the taxpayers have complete dominion" are taxable income unless an exclusion applies. See Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 431 (1955). One such way of proving that an item should have been excluded would be to show that the deposit is derived from a nontaxable source. The return of principal is generally not includible in taxable income. See, e.g., Nat'l Bank of Commerce of Seattle v. Commissioner, 115 F.2d 875, 876 (9th Cir. 1940), aff'g 40 B.T.A. 72 (1939).

Petitioner does not deny that he received the funds from BOA that gave rise to respondent's determination. Rather, he contends that BOA erroneously issued the Forms 1099 and that the funds reported are not taxable income. Petitioner testified that while he was deployed overseas he paid both the principal and the interest on his mortgages, and he argues on brief that the BOA check was

reimbursement for overpayments of principal he made on his mortgage accounts. His testimony was subjected to cross-examination and was both plausible and credible.

Supporting petitioner's position, the record includes the letter that accompanied the check from BOA, which indicates that BOA had made a mistake regarding petitioner's accounts. BOA's letter admits it was correcting a wrong it had committed regarding petitioner's accounts and was returning his money and the interest that had accrued on it. Respondent does not offer any argument to the contrary and appears instead to rely on the presumption of correctness which attaches to a notice of deficiency to support the proposition that petitioner's receipt of the BOA check was a taxable event.

We hold that petitioner presented credible evidence that the $12,789 was a reimbursement for a mistake that BOA had made on his accounts. This return of $12,789 of petitioner's mortgage payments was not a taxable event and the amount is therefore not includible in income. Additionally, we hold the $719 of interest that accrued on the erroneously collected payments is interest income within the meaning of section 61(a)(4) and includible in petitioner's 2014 income.

To reflect the foregoing,

Decision will be entered under

Rule 155.